MARTHA J. HALL v. THOMAS J. WALKER, et al.

*Husband and Wife—Abandonment of Wife by Husband— Wife Free Trader by Abandonment of Husband—Constitutionality of Statute.*

1. There is no constitutional inhibition on the power of the Legislature to declare where and how the wife may become a free trader, Section 6 of Article 10 being intended to protect instead of disabling her.

2. Section 1832 of *The Code*, which provides that a woman whose husband shall abandon her or shall maliciously turn her out of doors, shall be deemed a free trader so far as to be competent to contract, &c, and to convey her personal and real estate without the assent of her husband, is not unconstitutional.

CONTROVERSY, without action, heard before *Coble, J.*, at Spring Term, 1896, of ORANGE Superior Court. The agreed statement of facts was as follows:

Martha J. Hall, Thomas J. Walker and James B. Warren, parties to a question in difference, which might be the subject of a civil action, agree upon the following facts, upon which the controversy depends, and submit the same to the *Hon. A. L. Coble,* Judge riding the Fifth Judicial District, as follows, to-wit:

On the 11th day of August, 1894, Martha J. Hall, in writing, leased her farm, containing 155¼ acres, in Orange county, North Carolina, near University Station, adjoining B. N. Duke, Mrs. McCaulay and others, for the term of three years to Thomas J. Walker and James B. Warren, and in exchange for the said lease of said land, said parties leased to Martha J. Hall, for a like period, a house and lot in Durham city, on Morgan street, where she and her family now reside, she at once taking possession of said city lot and they taking possession of the said farm, under said contract of lease.

That among other provisions of said lease was the following:

" And said parties of the first part hereby agree and bind themselves and their heirs, that at any time during the continuance of this contract upon the delivery of a good and sufficient deed to them, conveying to them and their heirs or assigns the land first above mentioned as having been leased to them by said party of the second part, they will make and execute, or cause to be made and executed, to said party of the second part, and her heirs and assigns, a good and sufficient deed, with the usual covenants of warranty, conveying to her and her heirs the land herein particularly described and hereby leased to her."

" That said Martha J. Hall is very desirous of availing herself of the above provision, and of exchanging her farm for said house and lot in Durham ; that her farm is worth ten or eleven hundred dollars and said house and lot is worth about the same. That the said 155¼ acres is her own individual and separate estate, heretofore acquired by her.

" That she has executed and tendered to said Thomas J. Walker and James B. Warren a deed in fee to said 155¼ acres, with the usual covenants of warranty, said deed dated February 22, 1896, and has demanded of them a deed in fee to said house and lot in Durham. Said Walker and Warren decline and refuse to accept said deed for this reason, and for this alone : Said Martha J. Hall is a married woman, her husband has not joined in the execution of said deed.

" The facts relative to said matter are these : Martha J. Hall was deserted and abandoned by her husband, Thos. J. Hall, five years ago ; he has since said time been continuously out of the state, nor has he since then in any way contributed to her support, or to that of her family, nor has she seen him or heard of him or from him.

" Said Martha J. Hall contends that she has complied with her part of her contract, as provided by law (Sec. 1832 of *The Code*), and that she can make a good and legal title to said land without the assent of her husband, if he be alive, and that she is entitled to have specific performance of the said contract by said Walker and Warren, and that she is entitled to a deed to said Durham city lot. The said Walker and Warren contend the contrary, and refuse and decline to execute a deed for said Durham city lot to her under the circumstances."

His Honor adjudged " that Sec. 1832 of *The Code* is constitutional, and that the defendants, Thomas J. Walker

HALL *v.* WALKER.

and James B. Warren, do execute and deliver to the plaintiff, Martha J. Hall, a deed to the house and lot in Durham, N. C., on Morgan street, where she now resides, with such covenants and conditions as are contained in the contract between the parties, dated August 11, 1894, and pay the costs of this proceeding."

From this judgment Walker and Warren appealed.

*Mr. D. T. Edwards,* for plaintiff.
*Messrs. Fuller, Winston & Fuller,* for defendants.

FAIRCLOTH, C. J.: *Code,* Section 1832: " Every woman whose husband shall abandon her, or shall maliciously turn her out of doors, shall be deemed a free trader, so far as to be competent to contract and be contracted with, and to bind her separate property  *  *  *  and she shall have power to convey her personal estate and her real estate without assent of her husband."

In this controversy without action, the sole question is whether the above section is constitutional. The plaintiff's husband five years ago deserted and abandoned her, and has been continuously out of the state and has not been seen or heard from by her, and he has in no way contributed to the support of herself or family.

At common law a wife and her husband could not by deed convey title to her own land, nor in any other mode, except by uniting with him in levying a fine. But our statute prescribes a more simple method, to-wit : by deed and private examination, which must be strictly according to the terms of the statute.

There is no constitutional inhibition on the power of the Legislature t  declare where and how the wife may become a free trader. Art. X., Sec. 6, was not intended to disable, but to protect her.

In *Troughton v. Hill,* 2 Hay., 614 (406), it was held

that when the husband became an *alien*, the wife became a *feme sole* for the purpose of contracting and might acquire and transfer property. Chancellor KENT, referring to this subject, said : " Though the husband be not an alien, yet if he deserts his wife and resides abroad permanently, the necessity that the wife should be competent to obtain credit and acquire and recover property and act as a *feme sole* exists in full force," and that the " distinction between husbands who are aliens and who are not aliens cannot long be maintained in practice, because there is no· solid foundation in principle for the distinction." 2 Kent Com., 157. It would be a distressing rule of law if the· wife, because of her husband's neglect and desertion, could not control her separate property for the support and comfort of herself and family. It is her property ; why may she not sell or exchange it ?

Affirmed.