LIZZIE O'K. BROWN v. J. R. BROWN.

*Action for Damages—Husband and Wife—Free Trader —Right of Wife abandoned by Husband to Maintain action in Tort Without Joinder of Husband.*

Under a reasonable construction of the Constitution and section 1832 of The Code, a wife abandoned by her husband may maintain an action in tort, in her own name, against a third person. (Furches, J., dissenting.)

CIVIL ACTION heard on complaint and demurrer before *Bryan, J.*, at Spring Term, 1897, of PASQUOTANK Superior Court.

The action was brought by the plaintiff, Lizzie Brown, wife of J. W. Brown, in her own name against the defendant J. R. Brown, the father of her husband. The complaint alleged that the defendant had alienated the affections of her husband and induced him to abandon her and to refuse to contribute anything for her support.

The complaint also contained, as second and third causes of action, allegations that defendant had defamed her character and injured her reputation by maliciously swearing out a warrant against her for assault upon her husband and for causing a disturbance, of which charges she was acquitted, and that defendant had unlawfully caused her

arrest and imprisonment. Plaintiff claimed fifteen thousand dollars damages.

The defendant demurred upon the ground that there was a defect of parties plaintiff for that it appeared on the face of said complaint that plaintiff was a married woman, the wife of James W. Brown, who did not join with her in the action, and that it did not appear that the action concerned her separate property or that it was an action between her and her husband, or that she was a free trader.

The demurrer was sustained and an order made allowing plaintiff to amend the summons by making other parties and to amend her complaint.

From the judgment sustaining the demurrer the plaintiff appealed.

*Mr. E. F. Aydlett,* for plaintiff (appellant).
*Messrs. G. W. Ward* and *Shepherd & Busbee,* for defendant.

FAIRCLOTH, C. J. The sole question presented is whether a married woman, being abandoned by her husband, can maintain an action in her own name for a tort. This question has not been heretofore decided by this court. The case is here upon complaint and demurrer and the allegations of the complaint are at present taken as true.

The complaint alleges that the defendant, who is the father of her husband, has, by persuasion and numerous wilful and unlawful acts, caused her husband to wholly abandon and neglect her, to her great damage, &c. The demurrer is grounded on a denial of her right to maintain this action in her own name without the joinder of her husband.

The disabilities of married women at common law still exist, as to their person and property, except to the extent

121—2

of changes by legislation in express terms or by reasonable construction of the same.   These changes tend to relax the common law rules and must receive a reasonable construction in the spirit of their enactment.   Our Constitution and statutes have made very material and important changes in the status of married women in this State, by extending protection to their person and separate property and allowing them the privilege of free traders, suing in their own names &c., in certain conditions.   *The Code* 1832 declares that every woman whose husband shall abandon her "shall be deemed a free trader  .  .  .  so far as to be competent to contract and be contracted with" &c. and this section has been held to be constitutional.  *Hall* v. *Walker,* 118 N. C., 377.

These privileges as well as those found in *The Code* 178, necessarily imply responsibilities and liabilities in certain cases.

*Finley* v. *Saunders,* 98 N. C., 462, was an action for possession of land against a wife, whose husband had abandoned her, and it was held upon good authorities that the action could be maintained against her alone.

*Heath* v. *Morgan,* 117 N. C., 504, was an action for personal property unlawfully withheld by the wife, whose husband had abandoned her and could not be served with process, and it was held that the non-joinder of the husband was no defence.   If a wife, then, whose husband has abandoned her, be sued in tort, she may set up a counter-claim for any damages arising out of the same "transaction", disclosed in the complaint, and if her damages exceed those of the complaint she is entitled to a judgment for the excess. *Code* 244; *Bitting* v. *Thaxton,* 72 N. C., 541; *McKinnon* v. *Morrison,* 104 N. C., 354.

If, then, she can recover damages by way of counterclaim, which is only her cross action, we fail to see why she cannot

BROWN *v.* BROWN.

do so by direct action. Upon these cases, and upon reason, we think she is entitled to prosecute her claim in this action.

Error.

FURCHES, J., dissenting:—I do not agree with my brethren. At common law the plaintiff could not have brought and maintained this action. *Pippin* v. *Wesson,* 74 N. C., 437. It is admitted in the opinion of the court that the common law disabilities still exist, unless they have been removed by legislation. Section 1832 of *The Code* was cited and is relied on, as making the change that authorized this action, but this section provides that in cases where the wife is abandoned by her husband, she "shall be deemed a free trader so far as to be competent to contract and be contracted with, and to bind her separate property". To make this section apply, the action must be upon contract, express or implied, or for a tort growing out of contract or connected with her separate property or for the recovery of her separate property. And I submit that this action is for neither.

*Hall* v. *Walker,* 118 N. C., 377, holds that section 1832 of *The Code* is constitutional, and no more. It puts no construction upon this section.

*Finley* v. *Saunders,* 98 N. C., 462, was an action for land, and *Heath* v. *Morgan,* 117 N. C., 504, was an action for personal property, and I submit have no bearing upon this action.

*Bitting* v. *Thornton,* 72 N. C., 541 and *McKinnon* v. *Morrison,* 104 N. C., 354, only established the fact that a defendant, who is entitled to an action against the plaintiff, may set up his right of action by way of counter-claim in those cases provided for by statute. They do not apply in this case, because the plaintiff has no right of action.

I am forced to this conclusion by reasoning from common law principles, and I am sustained in this conclusion by authority. *9 Am. & Eng. Enc. of Law*, 834 Note 8, 9; *VanArnam* v. *Ayers*, 67 Barb. (N. Y.) 544; *Westlake* v. *Westlkae*, 34 Ohio St., 621. For these reasons and upon these authorities I am of opinion the action cannot be maintained.