### J. B. BACHELOR v. CHARLES NORRIS.

(Filed 16 September, 1914.)

1. **Deeds and Conveyances—Married Women—Abandonment—Joinder of Husband—Constitutional Law.**

   Revisal, sec. 2117, authorizing a married woman to execute a valid conveyance of her real property, without the joinder of her husband, when she has been abandoned by him, is constitutional.

2. **Deeds and Conveyances—Married Women—Abandonment—Trials—Evidence.**

   Evidence of abandonment of the wife by the husband is sufficient for her to execute a valid conveyance of her lands without his joinder, which tends to show that they had separated; he had gone to another State without leaving her anything for her support; that they had had numerous quarrels, the cause of which he had attributed to others living in the same house with them, where he had refused to remain.

BACHELOR *v.* NORRIS.

3. Deeds and Conveyances—Words and Phrases—"Binding Lands"
   —Description—Vagueness—Parol Evidence—Trials.

> The term "binding lands" used in the description of a deed is
> equivalent to the call of another tract; and ·the following de-
> scription in a deed is held sufficient to admit of parol evidence
> of identification, after reciting the county, etc.: "adjoining the
> lands of B. B. J., and others, bounded as follows, viz.:· Begin-
> ning at an oak stump at the road gate, thence westwardly, bind-
> ing the lands of B. B. J., to a holly tree; thence same course
> across the road; thence eastwardly, binding the swamp to a
> cypress tree; thence·same course, binding the swamp to the first
> station, containing 4 acres, more or less." And where a witness,
> after identifying the lands, testifies on cross-examination that
> the oak stump, the beginning point named, was not upon the
> line referred to, and would not be reached again by following
> the swamp, this is only material upon the question of identifica-
> tion, and does not render the deed void for uncertainty of de-
> ·scription.

APPEAL by plaintiff from *Ferguson, J.,* at December Special
Term, 1913, of CAMDEN.

This is an action to recover damages for trespass on land and
the title to the land is in issue.

The defendant claims under a deed executed by the *feme*
plaintiff, Georgiana Bachelor, on 30 October, 1902, in which
the land is described as follows: "A certain tract or parcel of
land in Camden County, State of North Carolina, adjoining the
lands of B. B. James and others, bounded as follows, viz.: Be-
ginning at an oak stump at the road gate; thence westwardly,
binding the lands of B. B. James to a holly tree; thence same
course across the road; thence eastwardly binding the swamp to
a cypress tree; thence same course, still binding the swamp to
the first station, containing 4 acres, more or less."

The plaintiff admits the execution of this deed, but contends
that it is void:

(1) Because Georgiana Bachelor was a married woman at
the time of its execution, and her husband was not a party to
the deed.

(2) Because of the vagueness and uncertainty in the descrip-
tion of the land.

The defendant admits that the said Georgiana Bachelor was a married woman at the time of the execution of the deed and that her husband did not join in the execution, but contends that the deed is valid because at the time it was executed the husband of the said Georgiana Bachelor had abandoned her, and further, that the description of the land in the deed is sufficient.

There are several exceptions in the record, but all of them that are material were entered to preserve the contentions of the parties as above stated.

There was a verdict in favor of the defendant,. the first issue submitted to the jury and the finding thereon being as follows: "1. Was the said Georgiana Bachelor abandoned by her husband, J. B. Bachelor, at the date of the execution of the deed from G. W. Barnham and Georgiana Bachelor to Florence B. Ashley? Answer: Yes."

There was a judgment for the defendant, and the plaintiff excepted and appealed.

*Worth and Pugh for plaintiff.*
*W. I. Halstead and Ward & Thompson for defendant.*

ALLEN, J. The constitutionality of the statute (Rev., sec. 2117) authorizing a married woman to execute a valid conveyance of real property without the joinder of her husband, when she has been abandoned by her husband, has been sustained in several decisions of this Court. (*Hall v. Walker,* 118 N. C., 377; *Brown v. Brown,* 121 N. C., 8; *Finger v. Hunter,* 130 N. C., 531), and as the fact of abandonment has been found by the jury in favor of the defendant, the only question left open to the plaintiff on this branch of the case is whether there is evidence to support the verdict.

There was evidence that the husband was in Virginia when the deed was executed; that the wife stated that he had nothing to do with the deed, and had left her and gone to Virginia; that both husband and wife stated they had separated; that the husband made no provision for his wife when he left for Virginia and she had to buy supplies on her own credit; that the husband said the Ashleys had moved to his house and he would not stay

there with them, as it would cause trouble for all; that the husband was frequently intoxicated, and he said his wife had numerous quarrels, and this has as much probative force as that held sufficient on an issue of abandonment in *Vandiford v. Humphrey,* 139 N. C., 65.

We are also of opinion the deed is not void for vagueness in the description, which is more definite and certain than many others that have been upheld. *Farmer v. Batts,* 83 N. C., 387; *Perry v. Scott,* 109 N. C., 374; *Johnson v. Manufacturing Co.,* 165 N. C., 106.

The term, "binding the lands," it is true, is equivalent to the call for another tract (*Allen v. Sallinger,* 108 N. C., 161), and one of the witnesses for the defendant, after identifying the land on his examination in chief, said on cross-examination that the oak stump was 100 yards from the James land, and that if you continued to follow the swamp you would not get back to the beginning; but this does not render the deed void, and is only material on the location of the land in the deed.

As was said in *Coltrain v. Lumber Co.,* 165 N. C., 44, "The contention that the failure of the 50-acre tract to bound on the other lands, as described in the deed, is a fatal defect, cannot be sustained."

We find no error in the trial, and the judgment is affirmed.

No error.