MERCEDES VÁZQUEZ, demandante y apelante, *v.* PORTO RICO RAILWAY, LIGHT & POWER COMPANY, demandada y apelada.

No. 3653.—*Visto:* Julio 13, 1925.  *Resuelto:* Febrero 19, 1926.

1. MARIDO Y MUJER—BIENES GANANCIALES—BIENES OBTENIDOS POR DAÑOS PERSONALES CAUSADOS A LOS CÓNYUGES.—Los bienes que se obtienen constante el matrimonio a virtud de daños personales ocasionados a uno de los cónyuges son gananciales.

2. MARIDO Y MUJER—ACCIONES—CAPACIDAD DE LOS CÓNYUGES PARA DEMANDAR O SER DEMANDADOS—MUJER ABANDONADA POR EL MARIDO.—Una mujer que se encuentra separada del marido por abandono de éste, puede por sí sola entablar acción por daños personales ocasionados a ella, no obstante el carácter ganancial de la acción que ejercita.

Sentencia de *Charles E. Foote*, J. (Primer Distrito, San Juan), desestimando la demanda de daños y perjuicios, sin costas. *Revocada y devuelto el caso.*

*Arturo O'Neill*, abogado de la apelante; *J. H. Brown* y *C. Ruiz Nazario*, abogado de la apelada.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Mercedes Vázquez, alegando estar casada con Agapito Morales y separada de su esposo por abandono del mismo desde hacía varios años, demandó a la Porto Rico Railway, Light & Power Co. en reclamación de daños y perjuicios por ella sufridos a consecuencia de cierto accidente ocurrido en uno de los carros de la demandada que le ocasionó una herida y varias contusiones y le obligó a guardar cama, a perder de ganar y a pagar honorarios de médico y dentista.

La demandada alegó por vía de excepción previa que la demanda no aducía hechos suficientes para determinar una causa de acción a favor de la demandante y que la demandante no tenía capacidad legal para demandar en este caso.

Discutidas dichas excepciones la corte las declaró con lugar y dictó sentencia desestimando la demanda. Y contra esa sentencia es que se ha interpuesto el presente recurso de apelación.

Para resolver debidamente el recurso, dos son en verdad las únicas cuestiones que es necesario estudiar, a saber: 1, si son gananciales o privativos los bienes que se obtienen constante el matrimonio a virtud de daños personales ocasionados a uno de los cónyuges, y 2, si aún en el caso de que sean gananciales, puede reclamarlos por sí sola la esposa cuando se encuentra separada del marido por abandono de éste.

[1] La primera cuestión quedó resuelta en el sentido de que los bienes de que se trata son gananciales en el caso de *Vázquez v. Valdés*, 28 D.P.R. 467. Hablando por la corte el Juez Asociado Sr. Wolf se expresó así:

"Esta fué una acción establecida por daños personales ocasionados a la esposa. De acuerdo con las varias disposiciones del Código

Civil los daños que se causan a una persona establecen la obligación de repararlos en la persona que los causa. Es una obligación o derecho que se crea y si el daño se ocasiona a una mujer casada surge entonces la cuestión de a quién pertenece esa obligación o derecho.

"En el caso ante nosotros existe una sociedad conyugal compuesta del marido y la mujer. El daño a la esposa no ha sido definido en Puerto Rico como perteneciente a sus bienes propios aunque en los últimos años tal parece ser la ley en Louisiana. De modo que nos regulamos por los preceptos generales del Código Civil. El artículo 1314 define lo que son bienes propios de cada uno de los cónyuges y en dicho artículo no se incluye el derecho de acción por daños y perjuicios. Los artículos 1316 y 1322 prescriben lo siguiente:

" 'Artículo 1316.—Son bienes gananciales:

" '1. Los adquiridos por título oneroso durante el matrimonio a costa del caudal común, bien se haga la adquisición para la comunidad bien para uno solo de los esposos.

" '2. Los obtenidos por la industria, sueldo o trabajo de los cónyuges o de cualquiera de ellos.

" '3. Los frutos, rentas o intereses percibidos o devengados durante el matrimonio, procedente de los bienes comunes o de los peculiares de cada uno de los cónyuges.'

" 'Artículo 1322.—Se reputan gananciales todos los bienes del matrimonio, mientras no se pruebe que pertenecen privativamente al marido o a la mujer.'

"Por tanto, como esta obligación, propiedad o derecho de acción surgió después del matrimonio y no es un bien propio de ninguno de los cónyuges, es necesariamente una propiedad ganancial. Estas consideraciones están sostenidas por las autoridades que han sido tomadas de los Estados donde existe la sociedad de gananciales. 'McKay on Community Property,' secciones 180–181, donde se citan casos de Texas, Washington, California, Idaho y asimismo algunos de los antiguos de Louisiana resueltos antes de haberse verificado ningún cambio en la ley estatutoria de ese Estado. El reciente caso de *Moody* v. *Southern Pacific Company,* 167 Cal. 786, 141 Pac. 388, es igualmente pertinente.

"Como de acuerdo con los artículos 159, 161 y 1327 del Código Civil el marido es el representante legal de la sociedad conyugal, el derecho de acción por una obligación o propiedad de la comunidad pertenece a él. Sabemos, desde luego, que el artículo 62 del Código de Enjuiciamiento Civil prescribe que todas las personas que tuvieren interés en el asunto objeto de la acción podrán asociarse y la esposa puede ser parte propia (*proper party*) en una acción por da-

ños y perjuicios, pero no es ella la parte principal o necesaria en la acción. Puede dudarse, en beneficio de la simplicidad, si debe ella ser asociada bajo cualquier concepto.

"Según aparece del caso de *Moody* v. *Southern Pacific Co.*, 141 Pac. 388, *supra,* en una acción por daños personales la esposa en California se asociaba como parte necesaria porque las cortes se sintieron allí obligadas a observar la regla de la Ley Común, pero no tenemos necesidad de adoptar aquí esa práctica. En ese mismo caso la corte encuentra poca lógica en considerar a la esposa como parte necesaria, pero se sintió obligada por los precedentes. Bajo la práctica de California, como indica *McKay, supra,* sección 184, un accidente ocasionado a la esposa dió lugar a dos causas de acción, una al marido solo por la pérdida de su compañía y servicios y por su curación y otra al marido asociado a la esposa por los daños personales. No es necesaria tal distinción en Puerto Rico pues todos estos incidentes pertenecen a la comunidad."

Como puede verse la cuestión fué debidamente considerada y bastaría la cita del caso en que lo fué, para resolverla, pero se ha insistido tanto por la parte apelante, que nos sentimos obligados a ahondar un poco más en su estudio.

Hemos examinado los grandes comentaristas españoles Manresa y Scaevola y nada en concreto dicen sobre la exacta cuestión envuelta. Es algo que parece verdaderamente raro ya que el régimen de gananciales es en España tradicional. El Fuero Juzgo lo estableció ordenando que las ganancias se repartieran entre los cónyuges en proporción al capital aportado por cada uno. El Fuero Real completado por las Leyes del Estilo dispuso que toda cosa que el marido y la mujer ganaren de consuno, se partiere entre ellos con igualdad. La Novísima Recopilación desarrolló más ampliamente el sistema, y el Código Civil dedicó un capítulo entero a regularlo. Y sin embargo hay que reconocer que el caso de las indemnizaciones por daños a la persona no quedó específicamente resuelto. Para comprenderlo dentro de las reglas establecidas, es, pues, necesaria la interpretación judicial.

Glosando Manresa el artículo 1396 del Código Civil antiguo similar al 1314 del Revisado tal como quedó enmendado

en 1903, Comp. Sec. 4420, divide los bienes privativos en dos grupos, a saber: los que pertenecen de un modo inmediato y directo a cada uno de los esposos y los que les corresponden en virtud de subrogación o sustitución. En el primer grupo comprende los bienes aportados al matrimonio por el esposo o la esposa y los adquiridos por cada uno de los cónyuges durante el matrimonio por título lucrativo, esto es, "en virtud de herencia, legado o donación," y en el segundo los adquiridos por permuta con otros privativos, los adquiridos en virtud de derechos de retracto perteneciente a uno solo de los cónyuges y los comprados con dinero exclusivo de la mujer o del marido.

No hay lugar a inferencias. La regla es fija y se circunscribió aún más por el legislador puertorriqueño al enmendar el precepto en 1903. Originalmente el número segundo del artículo 1314 del Código Civil Revisado era igual al número segundo del artículo 1396 del Código Civil antiguo y decía: "2º. Los que adquiera, durante él, a título lucrativo." La enmienda de 1903 consistió en agregarle las siguientes palabras: "sea por donación, legado o herencia," convirtiendo así en ley lo resuelto por los tribunales y lo opinado por los comentaristas.

Y glosando el mismo autor el artículo 1401 del Código Civil antiguo, igual al 1316 del Revisado, que define los bienes gananciales, clasifica éstos también en dos grupos, a saber: bienes gananciales directos y bienes gananciales por sustitución o subrogación. Su estudio es amplio y minucioso y llega un momento, cuando se le presenta el caso de las *minas* y el de los *tesoros,* en que se ve obligado a salirse de la letra del precepto legal y a usar del razonamiento para clasificar dichos bienes.

A continuación citamos lo que dice con respecto a los tesoros que, a nuestro juicio, apoya en cierto modo el criterio adoptado por esta corte en el caso de *Vázquez* v. *Valdés, supra.* Es así:

"También ofrece alguna dificultad decidir si los tesoros, descubiertos durante el matrimonio, en la parte perteneciente al inventor, deben o no considerarse bienes gananciales.

"Desde luego, cuando el tesoro no se descubre por casualidad, sino a fuerza de trabajos realizados de acuerdo o con consentimiento del propietario del terreno, no cabe duda de que debe considerarse como ganancial.

"Mas si el tesoro se descubre casualmente, es un don de la fortuna, una ganancia casual, impensada. No cabe en ninguno de los números del artículo 1401, porque ni es fruto, aunque se encuentre en terreno de alguno de los cónyuges, ni es producto del trabajo o la industria, ni es adquisición a título oneroso con fondos del caudal común.

"El tesoro es, desde luego, adquisición a título lucrativo, porque no exige equivalente alguno por parte del descubridor.

*     *     *     *     *     *     *

"Sin embargo, no consideramos la más acertada esta solución. Aunque el tesoro sea una adquisición gratuita porque no exige equivalente alguno, no puede equipararse al título lucrativo, base de adquisición privativa de los cónyuges. En estas adquisiciones hay una persona transmitente, llámese donante o testador, que designa y determina la persona del adquirente, presumiéndose con lógica su voluntad de que el donatario, legatario o heredero, no comparta los bienes con otras personas distintas, aunque se trate de un cónyuge. La ley y los mismos testadores y donantes tienden siempre a conservar los bienes en la familia, a impedir que pasen a familias extrañas, y este fin quedaría frustrado con harta facilidad y frecuencia, si los bienes donados o legados se considerasen gananciales. Hay, pues, en cuanto a esas adquisiciones, una base y una razón para decidir.

"Nada de eso ocurre respecto a los tesoros descubiertos por casualidad. La suerte designa la persona del adquirente, y no se pretende la conservación de los bienes en una determinada familia, ni por la ley, ni por la voluntad del dueño que es desconocido. Se trata de un don de la fortuna, de un hecho fortuito, como el resultado del juego o de la lotería; se trata de una ganancia casual obtenida durante el matrimonio, y lógico es que no se prive de ella a una sociedad que precisamente tiene por objeto la comunicación de las ganancias. Por esto juzgamos que debe considerarse la mitad del tesoro adjudicada por la ley al inventor, ganancial, y estimarse el caso comprendido en el art. 1406, que se refiere al juego y a las

ganancias obtenidas por *otras causas* que eximan de restitución.''
9 Manresa, Comentarios al Código Civil, páginas 578 a 580.

Las partes no citan sentencia alguna del Tribunal Supremo de España aplicable. Tampoco la hemos podido encontrar nosotros en el examen que hemos practicado.

La jurisprudencia filipina que en otras ocasiones nos ha proporcionado su valiosa ayuda, guarda silencio sobre el particular, en lo que de ella conocemos. No así la de los estados del continente en que existe el régimen legal de gananciales. George McKay, del Colegio de Abogados de Seattle, Estado de Washington, ha escrito un libro completo sobre la materia, titulado *''A Commentary on the Law of Community Property for Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Texas and Washington.''* A él pertenecen los pasajes que a continuación transcribimos:

''El sistema de la sociedad de gananciales tal como se encuentra en los estados y territorios de la Unión Americana es de origen español. En California, Luisiana y Texas el sistema fué establecido por los españoles y ha sido continuado mediante códigos y estatutos, aunque con algunas modificaciones. En Nuevo México el sistema español con ligeras modificaciones prevaleció hasta el 1901. Nevada y Arizona, aunque un tiempo fueron territorio español, nunca tuvieron un número bastante de colonizadores para establecer el derecho español, y en ellos el sistema es de origen estatutorio. En Idaho y Washington el sistema es exótico. Página 37.

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

''Comenzando con la comunidad típica del derecho español y midiendo todas las demás por ella no la encontramos totalmente existente al presente en ninguno de los estados o territorios de los Estados Unidos.

''En New Mexico la ley española referente a qué constituía el fondo común de bienes gananciales subsistió sin cambio hasta marzo 20, 1901.

''En Texas se le han hecho pocos cambios. El así llamado 'aumento' de los bienes privativos tiene ahora el carácter de un bien privativo, y las donaciones al marido y la mujer son privativas, cada esposo reteniendo como un derecho privado su participación en la donación. Fuera de estos dos cambios el fondo común tal como está definido en la ley española no ha sufrido alteración.

"En Idaho las desviaciones de la comunidad típica son dos, a
saber : Primera, las donaciones al marido y la mujer son bienes pri-
vativos, y segunda, la mujer recibe, como bienes privativos, las ren-
tas, frutos y productos de sus bienes privativos *si el contrato de
venta en su favor así lo dispone.*

"En Louisiana las desviaciones de la comunidad típica del de-
recho español son dos : Primera, la mujer puede recibir como bie-
nes parafernales los frutos y productos de sus bienes parafernales
si los retiene bajo su *sola* administración; esto representa una fuente
menos de ingreso al fondo común.   Segunda, el fondo común es au-
mentado con los bienes adquiridos mediante permuta por dinero o
bienes privativos que estén *bajo la administración del marido;* pero
las deudas atribuibles al fondo común son aumentadas por razón de
la permuta. . . . .

"En Arizona, California, Nevada y Washington, existen dos des-
viaciones de la comunidad típica : Primera, las rentas, productos y
beneficios de los bienes privativos son privativos; y segunda, los
bienes donados a marido y mujer son privativos."   Páginas 234 a
236.

Cuando el comentarista se refiere a la comunidad típica,
claro es que lo hace a la antigua ley española.   En España
misma ha habido variación.   El Código Civil contiene todo
lo que está vigente sobre el particular.   En Puerto Rico,
excepción hecha de la enmienda al artículo 1314 que en rea-
lidad no introduce innovación alguna y la relativa a que el
marido no puede donar, enajenar u obligar a título oneroso
los bienes inmuebles de la sociedad sin el consentimiento
expreso de la mujer, los preceptos reguladores de la socie-
dad de gananciales son los mismos que estaban vigentes al
efectuarse el cambio de soberanía.

Continuamos copiando del autor citado :

"El derecho de acción por daños es una propiedad, no sólo en la
ley de la sociedad de gananciales sino también en un sentido gene-
ral.   En principio parecería que para determinar si ese derecho a
recobrar es privativo o ganancial habría que tener en cuenta la na-
turaleza del derecho infringido al causarse el daño.   El derecho a
recobrar por daños a los bienes privativos de uno de los cónyuges
está concedido por la ley como recompensa por la disminución en
valor de la propiedad donde se cometió el daño.   El derecho a reco-

brar es el método de reparación empleado por la ley; si al demandado se le obligara específicamente a deshacer el daño no es de suponer que surgiera cuestión alguna de que la reparación específicamente hecha era un bien privativo; sería mera reparación a su anterior estado. La concesión de daños es un método imperfecto de llegar al mismo resultado. En principio, por lo tanto, una causa de acción por la violación de un derecho privativo es también privativa.

"Una causa de acción por daños a la persona, reputación o crédito de uno de los cónyuges pertenece a la comunidad; es una propiedad que no ha sido adquirida por ninguno de los medios de adquirir bienes privativos y es, por lo tanto, ganancial por la fuerza de la ley escrita." Páginas 247 y 248.

*     *     *     *     *     *     *

"Bajo la ley de la sociedad de gananciales un daño a cualquiera de los cónyuges crea una sola e indivisible causa de acción que pertenece al marido como soberano y administrador de la sociedad conyugal. En tal pleito él puede recobrar *toda* la indemnización concedida por la ley por razón del daño, no sólo la concedida a él en el derecho común sino también la que pudiera recobrarse en nombre de la mujer y en el suyo como demandantes.

"En California, aunque una causa de acción por un daño personal a cualquiera de los esposos está al presente considerada como bien ganancial, existió una vez una peculiar modificación de la regla general y probablemente aún existe cuando la *mujer* es quien recibe el daño y se pide indemnización por su sufrimiento personal y daño físico: *La mujer debe ir unida al marido como parte demandante.* Algunos de los casos más antiguos aparentemente resuelve que el daño a la mujer crea *dos* causas de acción, una en su favor por el daño mismo y la otra en favor del marido por la pérdida de su compañía y servicios y por el costo de su curación. Generalmente, bajo la ley de la sociedad de gananciales, un daño a la mujer crea una sola e indivisible causa de acción, la cual es en favor del marido.

*     *     *     *     *     *     *

"En McFadden vs. Santa Ana, etc., St. R. Co., *supra,* la corte resolvió que una causa de acción por el sufrimiento personal y daño físico de la mujer era ganancial pero la corte no fué tan lejos hasta sostener que el marido sólo podía demandar. Sostuvo que la esposa sola no podía. La doctrina de este caso fué aprobada en Neale v. Depot. R. Co., *supra.*

"Martin vs. Southern Pacific Co., *supra,* es el último caso surgido en California. La acción fué entablada a nombre del marido

*solo* solicitando indemnización por un daño a su mujer. La cuestión principal debatida en la Corte Suprema se refería al derecho a indemnización por pérdida de servicios, que en el derecho común él hubiera podido obtener sin incluir a su mujer como demandante. De modo que el caso no puede tomarse como autoridad para sostener el derecho del marido a recobrar en su nombre toda indemnización por razón del daño, como existe en los demás estados donde hay la sociedad de gananciales. El lenguaje de la corte, sin embargo, parece indicar una tendencia hacia la regla general y a abandonar la antigua regla de California. La corte dijo: 'Esta es una acción para obtener indemnización por daños sufridos por el demandante por razón de lesiones recibidas por su mujer mientras viajaba como pasajera en uno de los trenes de la demandada. Se alega en la demanda que por razón de la negligencia de la demandada las lesiones recibidas por la mujer del demandante eran permanentes y la incapacitaban absolutamente para hacer su trabajo acostumbrado y desempeñar sus deberes, y que como consecuencia de ello él ha estado y seguirá estando por el resto de la vida de ella privado de sus servicios y obligado a suministrarle asistencia médica y cuidados. Se dictó sentencia a favor del demandante, contra la cual ha apelado la demandada. El fundamento principal aducido por la demandada en apoyo de su apelación es que el demandante no tiene derecho a obtener indemnización por la pérdida de los servicios de su mujer; que la relación que en el derecho común existía entre el marido y la mujer, dentro de la cual la mujer era en realidad la criada del marido, no prevalece en este estado; que el código no da al marido derecho a los servicios de la mujer, y que por tanto, no puede establecer acción por haber sido privado de ellos. Se demostró en el juicio que antes de recibir las lesiones ella hacía el trabajo de la casa sin ayuda alguna y que desde entonces no ha podido hacer ninguna parte del mismo, y que el demandante se ha visto obligado a emplear una persona para hacerlo. El derecho del demandante a establecer la acción no depende del derecho del marido a obligar a la mujer a prestarle tales servicios, ni de la existencia de obligación alguna por parte de ella de prestarlos, fuera de la obligación contraída de mantenerse mutuamente. Código Civil, artículo 155. La acción se establece para obtener indemnización por daños sufridos debido al acto torticero de la demandada, por razón del cual el demandante ha sido privado de sus servicios y obligado a gastar dinero como consecuencia de ello. Los servicios de la mujer son parte de la capacidad productora de la sociedad conyugal, y los beneficios recibidos por razón de sus servicios constituyen un bien ganancial

tanto como los beneficios recibidos por los servicios del marido. Si el daño hubiera sido recibido por el marido no se alegaría que él no puede obtener indemnización por la pérdida de su capacidad productora. En ambos casos los beneficios son un bien ganancial, y cualquier acto debido al cual el marido o la mujer queda privado de la capacidad de prestar servicios disminuye la capacidad para acumular bienes gananciales. Si los servicios domésticos voluntariamente prestados por la mujer hacían innecesario el empleo de otras personas, el montante de los bienes gananciales era acrecentado en proporción a la suma requerida para emplear tales personas; y al privar al demandante de sus servicios los bienes gananciales sufrieron un daño correspondiente. El marido, como jefe de la comunidad, tiene derecho a establecer acciones por daños a la propiedad sufridos por la sociedad de gananciales, y la actuación de la corte al admitir esta prueba fué correcta, así como lo fué su instrucción al jurado en el sentido de que el demandante tenía derecho a indemnización por los gastos incurridos por él por el necesario empleo de sirvientes para realizar los servicios ordinarios de la mujer. Tell vs. Gibson, 66 Cal. 247, 5 Pac. 223; Redfield vs. Railway Co., 112 Cal. 220, 43 Pac. 1117.' '' Páginas 250 y nota número 2.

*Corpus Juris* resume la jurisprudencia así:

''Bajo los estatutos que clasifican los bienes gananciales como todas las adquisiciones hechas durante el matrimonio, que no sean las específicamente designadas como bienes privativos, se ha resuelto muy generalmente que la indemnización por daños a cualquiera de los cónyuges entra a formar parte de los gananciales. Más específicamente tal indemnización ha sido clasificada como un bien ganancial por representar el valor de la capacidad productora del cónyuge lesionado. La regla se aplica a reclamaciones por indemnización por daños personales lo mismo que a la indemnización después de recibida. Y no es afectada por el hecho de que las personas vivan separadas, por convenio, al tiempo del daño. La regla comprende no sólo la indemnización por daños a la persona sino también la indemnización por daños a la reputación, individual o comercial, la indemnización por persecución o arresto malicioso o falsa prisión, y la indemnización por sufrimiento físico o moral del cónyuge lesionado. La indemnización devengada después del fallecimiento de uno de los cónyuges no entra en los gananciales, los que incluyen sin embargo la indemnización por muerte de uno de ellos. Se ha resuelto que una reclamación por sufrimiento moral causado

por la omisión de entregar un telegrama a uno de los cónyuges anunciando la muerte de otro no es parte de los bienes gananciales.

"La indemnización por daños personales al marido cae dentro de los gananciales.

"A falta de disposición estatutoria en contrario, la indemnización por daños personales a la mujer cae dentro de los gananciales. Cuando el estatuto expresamente así lo dispone, tal indemnización desde luego, pertenece al caudal privativo de la mujer, y la única cuestión que puede surgir es quién puede o debe demandar por ella.

"Las indemnizaciones que la sociedad de gananciales puede recobrar son: (1) Por daño directo a la mujer incluyendo su dolor y sufrimiento y sus sentimientos heridos; (2) por el costo de enfermeras, atención médica, y medicinas para ella; y (3) por pérdida de los servicios de la mujer; pero hay autoridades en contrario en cuanto a la última clasificación." 31 C. J. 25-26.

Las notas al texto de *Corpus Juris* contiene la cita de muchos casos. Nos limitaremos a transcribir algunos párrafos de una opinión muy interesante y completa emitida en uno de ellos, el de *Ezell* v. *Dodson,* 60 Texas 331. Dicen así:

"El derecho a demandar por daños torticeros es una cosa en acción, y una propiedad dentro del significado legal de esa palabra. 2 Bishop on Married Women, sec. 271; C., B. & Q. R. R. Co. v. Dunn, 52 Ill. 260.

     \*       \*       \*       \*       \*       \*       \*

"Nuestro estatuto prescribe quiénes serán partes demandantes en pleitos para recobrar los bienes privativos de la mujer; y si el derecho a demandar por lesiones a la mujer, causadas por acometimiento y agresión cometido contra su persona, fuera por nuestras leyes un bien privativo suyo, como en el derecho común, las partes demandantes propias serían, bajo el estatuto, el marido y la mujer conjuntamente, y si aquél se negaba a unirse entonces la mujer podría demandar sola.

"Pero de los bienes que una mujer pueda adquirir durante el matrimonio ninguno es un bien privativo suyo excepto los derivados de donación, legado o herencia; siendo bienes gananciales todos los adquiridos en cualquier otra forma.

"Desde luego la propiedad derivada por razón de una transgresión cometida contra su persona no cae bajo ninguna de las clasificaciones de donación, legado o herencia, y necesariamente forma parte de las ganancias de la sociedad conyugal."

No hay duda alguna de que la jurisprudencia de los estados del continente en que en una forma o en otra existe la sociedad de gananciales, sostiene la decisión de esta Corte Suprema en el caso de *Vázquez* v. *Valdés, supra.* Para variar la regla, como se varió en Louisiana, es necesaria la acción legislativa.

Podría decirse que en dichos estados la ley especifica cuáles son los bienes privativos y determina que son gananciales todos los demás y que en Puerto Rico el legislador fué específico en ambos casos y no estando comprendidas las indemnizaciones por daños a la persona en ninguno de ellos, debe resolverse que es privativa.

Dejando a un lado la cuestión del concepto que en sí misma merece la indemnización, sostenemos que no es sólo el artículo 1316 del Código Civil que expresamente determina cuáles son los bienes gananciales, el que hay que considerar para juzgar de la intención del legislador, sino el 1321 que prescribe que "las ganancias obtenidas por el marido o la mujer en el juego, *o las procedentes de otras causas que eximan de la restitución, pertenecerán a la sociedad de gananciales,*" (las itálicas nuestras), y el 1322 que dispone que "se reputan gananciales todos los bienes del matrimonio, mientras no se pruebe que pertenecen privativamente al marido o a la mujer." Y como no es posible probar que la indemnización que se obtiene por un daño personal, causado a cualquiera de los cónyuges durante el matrimonio es un bien aportado al contraerse el matrimonio, ni adquirido por donación, legado o herencia, ni a virtud de retracto o permuta de otros bienes privativos, ni fué comprado con dinero exclusivo de la mujer o el marido, (art. 1314 del Código Civil), no sólo debe reputarse ganancial, si que no puede ser otra cosa que ganancial finalmente.

De acuerdo, pues, con la ley escrita interpretada racionalmente, es también en Puerto Rico un bien ganancial, como sostiene McKay que lo es en los estados continentales que

cita, una causa de acción por daños a la persona, reputación o crédito de uno de los cónyuges. En el caso de *Porto Rico Railway, Light & Power Co.* v. *Coynet*, 3 F. (2d) 21, la Corte de `Circuito de Apelaciones del Primer Circuito, por medio del Juez Johnson, dijo: "En Puerto Rico el derecho de acción por un daño a la esposa, recibido durante el matrimonio, es propiedad ganancial. . . . ."

[2] Habiendo llegado a la anterior conclusión, veamos ahora qué alcance tiene el haberse consignado en la demanda que la demandante está separada del esposo por abandono del mismo.

Ello envuelve la interpretación del artículo 54 del Código de Enjuiciamiento Civil que dice:

"Art. 54.—Cuando una mujer casada es parte en un litigio, necesita del concurso de su marido, excepto:

"1. Cuando la acción ejercitada concierna a sus bienes propios, o a su derecho o pretensión a la propiedad de *homestead,* podrá demandar o ser demandada por sí sola.

"2. Cuando la acción sea entre ella y su marido, podrá demandar o ser demandada sola.

"3. Cuando esté viviendo separada o alejada de su marido, a causa de haber sido abandonada por éste, podrá demandar o ser demandada sola." Comp. sec. 5038, página 850.

Sostiene la parte apelada que el anterior artículo fué interpretado por esta corte en el citado caso de *Vázquez* v. *Valdés* en sentido contrario a la contención de la apelante. Así es en efecto. Allí se dijo: "Sin detenernos a investigar en qué ocasiones es posible que el marido tenga que asociarse a la esposa, resulta claro que este artículo no tiene aplicación alguna a una acción perteneciente a la comunidad." El elemento separación por abandono del marido no estaba envuelto en el caso de *Vázquez* v. *Valdés*. Marido y mujer estaban unidos y la mente de la corte no estuvo fija en el alcance y efectos del número tercero del artículo 54, de origen y espíritu genuinamente americanos.

Pomeroy en su libro titulado ''Code Remedies,'' pág. 233, de la cuarta edición, dice:

''El abandono por el marido de su mujer y la familia no aumenta los poderes y facultades de ella en relación con el establecimiento y sostenimiento de acciones judiciales a menos que el estatuto expresamente provea para tal emergencia. De modo que, después de ese abandono, la mujer no puede mantener una acción a nombre propio para anular un traspaso de tierras que se alega fueron obtenidas de él mediante fraude. En varios estados, sin embargo, los códigos contienen disposiciones expresas que en caso de abandono por el marido permiten a la mujer demandar y defenderse en aquellas acciones en que él lo hubiera podido hacer.''

La nota que aparece al pie del texto, expresa:

''Véase la sección 152, *supra;* Andrews v. Runyon, 65 Cal. 629; Baldwin v. Second Street Cable Ry. Co., 77 Cal. 390; Tobin v. Galvin, 49 Cal. 34 (el estatuto no es aplicable cuando la mujer está sólo temporalmente separada del marido). (Brown v. Brown (1887, 121 N. C. 8, 27 S. E. 998; Bajo la constitución y el artículo 1832 del código, que dispone que toda mujer cuyo marido la abandonare será considerada una libre traficante, una mujer abandonada por su marido puede sostener a nombre propio una acción por daños contra un tercero.)''

Y el párrafo 152 es como sigue:

''Hay dos clases generales de disposición estatutoria que pueden encontrarse en la mayoría de los códigos. Los de la primera clase suprimen la necesidad de incluir al marido y a la mujer como partes cuando tal inclusión no sería necesaria aparte de la relación conyugal. El estatuto de Kansas es un ejemplo de esta clase, y dice como sigue: 'Una mujer casada puede demandar y ser demandada en la misma forma que si no fuera casada.' Los estatutos de Oklahoma y Utah son idénticos a éste y los de Colorado, Montana y Nebraska tienen sólo una pequeña diferencia. Sustancialmente la misma disposición, pero expresada en forma distinta, se encuentra en Iowa, Minnesota, North Dakota, Ohio, South Dakota y Wyoming. El estatuto de Missouri permite a una mujer casada demandar 'incluyendo o no incluyendo a su marido' en la misma forma que si fuera soltera. El estatuto de New York también cae dentro de este

grupo, pero además de la disposición general permitiendo a una mujer casada demandar o defenderse 'sola o conjuntamente con otras partes como si fuera soltera' especifica ciertos casos en que el marido no será hecho parte. La segunda clase de casos exigen que el marido y la mujer sean incluídos excepto en ciertos casos enumerados. El estatuto de Indiana es un buen ejemplo de esta forma. Dice como sigue: 'Una mujer casada puede demandar sola: Primero,—Cuando la acción concierne a sus bienes privativos. Segundo,—Cuando la acción es entre ella y su marido; pero en ningún caso se le exigirá demandar o defenderse por medio de tutor o amigo próximo excepto cuando sea menor de veintiún años.' Este estatuto se encuentra sustancialmente en igual forma en Arizona, Arkansas, Nevada, North Carolina, Oregon, South Carolina y Wisconsin. En California hay una tercera clase de excepciones, o sea, cuando el marido ha abandonado a la mujer o cuando existe un convenio escrito entre ambos. Idaho ha adoptado el estatuto de California, y Washington tiene un estatuto muy semejante a éste. Los estatutos de Connecticut, Georgia y Kentucky son peculiares y no caen en ninguno de estos grupos.''

Siendo nuestro estatuto similar en el punto en controversia al que regía en California, a la jurisprudencia de dicho estado mientras estuvo en vigor dicho estatuto, debemos acudir para interpretarlo y aplicarlo.

En el caso de *Baldwin* v. *Second St. Cable Ry. Co.*, 77 Cal. 390, se decidió que ''una mujer casada que vive separada de su esposo por razón del abandono de éste, puede demandar sola para recobrar por injurias personales.'' A igual conclusión se llegó en el caso de *Muller* v. *Hale*, 138 Cal. 163.

Insiste la parte apelada en que la jurisprudencia de California no es aplicable porque en California existe un precepto de ley—el artículo 169 del Código Civil—que prescribe que el dinero ganado y acumulado por la esposa y sus menores hijos que vivan con ella o estén bajo su custodia, mientras ella viva separada de su esposo, es propiedad privativa de la esposa. Es decir, que el argumento de la parte apelada se basa en que a virtud de tal precepto, en California,

una causa de acción por injurias personales a la esposa cuando ésta vive separada del esposo es propiedad privativa de la esposa y por ello es que puede reclamarla por sí sola.

Tal razonamiento no está bien fundado a nuestro juicio.

Consultando la obra Kerr's Cyclopedic Codes of California, 1920, se verá en las notas al dicho artículo 169 que no obstante estar vigente desde 1872, no se ha dictado decisión alguna que comprenda dentro de sus términos una causa de acción por injurias personales a la esposa. Y donde puede verse claro que la *ratio dicidendi* de los casos de California que reconocen a la mujer separada del esposo por abandono de éste el derecho a demandar sola no fué el artículo 169 del Código Civil y sí el precepto de la ley adjetiva que la autorizó a demandar sola en tal caso. específico, es en la opinión emitida en el caso de *Lamb* v. *Harraugh,* 105 Cal. 680, en la que se sostiene que una acción por injurias personales a la esposa es propiedad perteneciente a la comunidad y que la esposa que entabló el pleito sola no pudo hacerlo no obstante alegar que estaba separada del esposo, por no haber alegado también que la separación se debía al abandono del esposo y por tanto por no haber demostrado que estaba comprendida dentro de la excepción especificada en la sección 370 del Código de Enjuiciamiento Civil.

Habiendo en consideración todo lo expuesto, opinamos fi nalmente que de acuerdo con la excepción establecida en el número 3 del artículo 54 del Código de Enjuiciamiento Civil vigente en esta Isla, la demandante habiendo alegado como alegó en su demanda que vive separada de su marido por abandono de éste por varios años, puede demandar por sí sola no obstante el carácter ganancial de la acción ejercitada.

Por virtud de todo lo expuesto *debe revocarse* la sentencia apelada y el caso devolverse a la corte de su origen para ulteriores procedimientos no inconsistentes con esta opinión.