ELIZABETH KEYS v. J. A. TUTEN ET AL.

(Filed 10 September, 1930.)

1. **Husband and Wife D d—Where husband has abandoned wife she may convey her property without his consent under C. S., 2530.**

   There is no constitutional inhibition on the Legislature to declare by statute when and how a wife may become a free trader, and notwithstanding the provisions of Article X, section 6, to the effect that a married woman may convey her separate realty with the written consent of her husband, the provisions of C. S., 2530, making her a free trader upon the abandonment of her husband and authorizing her to convey her real estate without his consent, is valid, and in such cases, C. S., 2509, requiring the execution of her deed by her husband and her separate examination taken, does not apply.

2. **Same—In this case held: evidence that husband had abandoned wife before her execution of her deed should have been submitted to jury.**

   In order for a wife abandoned by her husband to become a free trader under C. S., 2530, it is not necessary that the wife be abandoned for the statutory time necessary to constitute grounds for divorce, and where, in an action by her to set aside her deed executed without the written consent of her husband, the defense is set up that at the time of its execution she had been abandoned by her husband, and pleadings in her action for divorce alleging abandonment at the time are introduced in evidence: *Held,* the issue of abandonment should be submitted to the jury even though abandonment was not an issue in the divorce proceedings, and the granting of a judgment on the pleadings in her favor is error.

3. **Evidence L a—Where divorce is granted for adultery, allegations of abandonment will not estop plaintiff from denying abandonment in another action.**

   Where, in an action by a married woman to set aside her deed to her separate realty on the ground that the written consent of her husband was not obtained, the defense is set up that at the time she executed the deed she had been abandoned by her husband, C. S., 2530, and pleadings in her prior action for divorce, alleging abandonment, are introduced in evidence: *Held,* the wife is not estopped by the pleadings in the divorce proceedings from denying that she had been abandoned when abandonment was not an issue therein, but the allegations may be taken as some *evidence of abandonment in the action to set aside her deed.*

APPEAL by defendants from *Cranmer, J.*, at May Term, 1930, of BEAUFORT. Error and remanded for new trial.

Action to have timber deed executed by plaintiff adjudged void, and ordered canceled, on the ground that at the date of its execution, plaintiff was a married woman, and that her husband did not join with her in the execution of said deed, or assent thereto in writing, in accordance with the provisions of section 6 of Article X of the Constitution of North Carolina.

Defendants in their answer admit the allegations of the complaint with respect to the execution of said timber deed; they allege, however, that at the date of its execution, her husband was not living with the plaintiff, having theretofore abandoned her. Defendants rely upon the provisions of C. S., 2530.

In support of their allegation that plaintiff's husband had abandoned her prior to the date of the execution of said timber deed, defendants allege that plaintiff executed said deed on 25 October, 1928; that on 26 October, 1928, plaintiff instituted in the Superior Court of Beaufort County an action for an absolute divorce from her husband; that this action was tried at December Term, 1928, of said court; and that at said term a judgment and decree was rendered in said action, dissolving the bonds of matrimony theretofore existing between plaintiff and her husband.

In the complaint in said action for divorce, plaintiff alleged that during the year 1926, because of his cruel treatment of her, plaintiff left the home of her husband, and has since resided in the home of her mother. The ground upon which she prayed for divorce was adultery committed by her husband during the year 1927. No facts are alleged in said complaint upon which she prayed for or was entitled to an absolute divorce on ground of abandonment. C. S., 1659, sec. 4. The complaint was duly verified by the plaintiff, on 26 October, 1928, as required by the statute. C. S., 1661.

The court was of opinion that, upon the admissions in the answer of the defendants, the timber deed executed by plaintiff is void, for the reason that her husband did not assent thereto in writing; that the judgment and decree in the action for divorce did not estop plaintiff from denying that her husband had abandoned her prior to the date of the execution of said deed, and that notwithstanding the record in said action for divorce, plaintiff is entitled to judgment on the pleadings in this action.

From judgment in accordance with the opinion of the court, defendants appealed to the Supreme Court.

*L. M. Scott and H. C. Carter for plaintiff.*
*Chas. L. Abernethy, Jr., and John H. Bonner for defendants.*

CONNOR, J.  The Constitution of this State provides that the real and personal property of a married woman "may be devised and bequeathed, and, with the written assent of her husband, conveyed by her, as if she was unmarried."  Article X, section 6, Const. of N. C.

It is provided by statute in this State that no conveyance by a married woman of "any freehold estate in her real property shall be valid, unless the same be executed by her and her husband, and proved and acknowledged by them, and her free consent thereto appear on her examination separate and apart from her husband, as is now or may be required by law in the probate of deeds of *femes covert.*"  C. S., 2509.

However, it is further provided by statute that every woman whose husband has abandoned her, shall be deemed a free trader so far as to be competent to contract and be contracted with, and to bind her separate property.  "She may also convey her personal estate and her real estate without the assent of her husband."  C. S., 2530.

The validity of C. S., 2530, notwithstanding the provisions of section 6 of Article X of the Constitution, has been sustained by the decisions of this Court, upon the ground, as stated by *Faircloth, C. J.,* in *Hall v. Walker,* 118 N. C., 377, 24 S. E., 6, that "there is no constitutional inhibition upon the power of the Legislature to declare where and how the wife may become a free trader.  Article X, section 6, was not intended to disable, but to protect her."  In *Bachelor v. Norris,* 166 N. C., 506, it is said: "The constitutionality of the statute authorizing a married woman to execute a valid conveyance of real property without the joinder of her husband, when she has been abandoned by her husband, has been sustained in several decisions of this Court.  *Hall v. Walker,* 118 N. C., 377, 24 S. E., 6; *Brown v. Brown,* 121 N. C., 8, 27 S. E., 998; *Finger v. Hunter,* 130 N. C., 531, 41 S. E., 890."  See, also, *Vandiford v. Humphrey,* 139 N. C., 65, 51 S. E., 893, where it is held that a wife, abandoned by her husband, may convey her land, without his written assent, notwithstanding that at the date of the conveyance, sufficient time has not elapsed from the date of the abandonment for the commencement by her of an action for divorce on the ground óf such abandonment.  In that case it was insisted that the power of the wife to contract in regard to her separate property as a free trader, is to be tested by her right to maintain an action for divorce for like cause.  In the opinion for the Court, it is said: "This, we think, a safe test, but counsel further insist that until the time has elapsed entitling her to bring the action she should not be permitted to make contracts.  This construction, we think, would, to a very great extent, destroy the beneficent purpose of the statute."

Counsel for appellee, in their brief filed in this Court, concede that it was error for the court to adjudge, on the pleadings, that the timber deed is void, and that for this error defendants are entitled to a new

trial, at which an issue, raised by the pleadings, with respect to the abandonment may be submitted to a jury. Defendants, however, contend that there was error in the refusal of the court to hold that plaintiff is estopped by the record in the action for divorce to deny that her husband had abandoned her at the date of the execution of the timber deed. This contention cannot be sustained. No issue was raised by the pleadings in the action for divorce with respect to the abandonment as alleged in this action. Plaintiff did not allege in her complaint, as a ground for divorce that her husband had abandoned her. For this reason, the cases cited and relied upon by defendants are not applicable. The record in the action for divorce, while not conclusive, is competent as evidence upon the issue involving the allegation in the complaint in this action as to the abandonment.

For the error conceded by ˙appellee, the judgment is reversed. The action is remanded to the Superior Court of Beaufort County for a new trial. Defendants are entitled to have the issue raised by their answer submitted to and determined by a jury.

Error and remanded.