LULA S. CAMPBELL v. HENRY S. CAMPBELL.

(Filed 6 May, 1942.)

**1. Adverse Possession § 9a—**

A sheriff's deed at an execution sale under a judgment obtained against the nonresident owner by his wife to recover for maintenance and necessaries furnished by her to their minor children, in which action attachment was levied on the land, is at least color of title, the judgment not being void, C. S., 428.

**2. Adverse Possession § 4e—**

After abandonment, the wife's possession as purchaser at execution sale of a judgment obtained against the husband, is adverse to the husband, and her possession for the statutory period will bar him. C. S., 428.

**3. Husband and Wife § 4d—**

After abandonment, the wife may execute deed to her lands without the joinder of her husband. C. S., 2530.

APPEAL by defendant from *Johnston, Special Judge,* at February Term, 1942, of MECKLENBURG. No error.

This was an action to determine the title to land, the subject of a contract to convey. Plaintiff claims title under a deed executed by the sheriff pursuant to a judgment of the Superior Court, and adverse possession under the deed for more than seven years. There was evidence tending to show that plaintiff, a married woman, had been abandoned

by her husband.   Defendant declined tender of deed, alleging invalidity of title.   Upon issues submitted to the jury there was verdict for the plaintiff, and from judgment on the verdict defendant appealed.

*McDougle & Ervin for plaintiff, appellee.*
*Morgan B. Gilreath for defendant, appellant.*

DEVIN, J.   The land which is the subject of this action originally belonged to plaintiff's husband, W. A. Campbell.   It was established by the verdict that the plaintiff's husband abandoned her in 1921.   In 1931 the plaintiff instituted an action against her husband to recover for maintenance and necessaries furnished their minor children, for which the husband was primarily obligated.   Attachment was levied on the land of the husband, who was then a nonresident of the State.   Recovery was had in that action, and judgment was rendered ordering the land sold to pay the judgment.   The land was sold by the sheriff, bought by the plaintiff, and proper deed therefor executed and delivered to the plaintiff. Under this deed the plaintiff entered into possession of the land and has held the same adversely for more than seven years before the institution of the present action.   These material facts were established by the verdict or admitted in the answer.

The judgment in the action between plaintiff and her husband was not void and the sheriff's deed was at least color of title which ripened by adverse possession for seven years into an indefeasible title.   C. S., 428. After abandonment the wife's adverse possession for the statutory period would bar the husband.   *Nichols v. York,* 219 N. C., 262, 13 S. E. (2d), 565.

The fact that the plaintiff's husband does not join in the deed now tendered to the defendant cannot avail as a defense to this action.   That the plaintiff was abandoned by her husband has been determined by the verdict.   Under C. S., 2530, a wife who has been abandoned by her husband has full authority to convey her real property without the assent of her husband.   The constitutionality of this statute has been upheld in numerous decisions of this Court.   *Hall v. Walker,* 118 N. C., 377, 24 S. E., 6; *Keys v. Tuten,* 199 N. C., 368, 154 S. E., 631; *Nichols v. York, supra.*

The defendant's exceptions to the judgment and to the judge's charge cannot be sustained.

In the trial we find

No error.