### A. W. FINLEY v. E. A. SAUNDERS.

*Homestead—Action against Married Women—Husband and Wife.*

1. The person claiming a homestead must be a resident of the State. If he voluntarily removes therefrom with a purpose to make his home elsewhere he forfeits his right in this respect.

2. The wife and children only succeed to the homestead in the event of the death of the father or husband. They are not entitled to it after his removal from the State, though they may remain.

3. An action to recover possession of land may be sustained against a married woman alone, whose husband is an alien, resides abroad, or has abandoned his wife.

This was a CIVIL ACTION, tried at March Term, 1887, of WILKES Superior Court, before *Boykin, Judge,* upon the following case agreed.

The defendant is the wife of W. A. Saunders. Plaintiff obtained judgment in the Superior Court at Fall Term, 1885, against said Saunders for $748.12, in an action in which a warrant of attachment regularly issued from said Superior Court at the time of issuing of the summons, and was levied upon the land described in the complaint.

The defendant William A. Saunders was at the time of the commencement of that action, and still is, a non-resident of this State, and is now a citizen of the State of Kansas. The land in controversy was sold under execution on said judgment, and the plaintiff became the purchaser at execution sale, for the sum of $100. The defendant in this action lived in this State with her said husband, W. A. Saunders, for five years next immediately preceding three months before the bringing of this action, and did not leave the State when her husband left (three months before the issuing of the said attachment), and has remained since and still lives

here, and the defendant, " as widow," asserts a right to hold
the land in controversy, under her husband, claiming a
homestead in the same. No homestead has ever been laid
off in the land, and the defendant has no homestead in her
own right, and the land in controversy is not worth one
thousand dollars.

Upon this state of facts, judgment was rendered for the
defendant, E. A. Saunders (wife of W. A. Saunders), the Court
adjudging that she was entitled to the land in controversy
as a homestead for the benefit of herself and children. From
this judgment the plaintiff appealed.

*Messrs. J. B. Batchelor* and *E. C. Smith,* ( *Mr. T. B. Finley*
filed a brief ), for the plaintiff.

No counsel for the defendant.

SMITH, C. J. The Constitution exempts from execution,
and secures a homestead, not exceeding one thousand dol-
lars in value, to every insolvent debtor who is a resident of
the State (Art. 10), and the statute provides how it may be
ascertained and set apart to him. *The Code,* §502 *et seq.* The
exemption endures during the life-time of the debtor, and then
of his widow, for her benefit, unless she be the owner of a home-
stead in her own right, or if there be infant children, for their
benefit, until the youngest attains full age. But there is no
provision for those who succeed to the prolonged exemption,
except in case the owner of the land be dead. If not set
apart to him when living, it may be set apart to those en-
titled, after his death. *The Code,* §514.

By the removal of the debtor out of the State, with a
view to a permanent residence elsewhere (as we understand
the fact to be in the present case), 'although his family do
not follow him to his new abode, he forfeits this constitutional
right, as he is not within its provisions, and as he cannot
claim an exemption of his land from liability from debt,

neither can his wife or his infant children, for their right is derived from his, and springs up after the debtor's death. It may be that the debtor has acquired a homestead in the State to which he has gone, and the law does not contemplate a twofold homestead. If a similar law exists in Kansas, his wife and children may, by going there and making his home theirs, acquire an interest in the homestead, secured there to the husband and father.

The present case may be one of hardship, as an abandonment of wife and children, whose support he is bound to provide for, to poverty and want and without a home, but still the law is such as not to meet the situation, and his property, no longer shielded, becomes exposed to the creditors' demands.

Most clearly, in our opinion, the defendant cannot claim the exemption, nor is the case bettered that it speaks of her as a "widow," when she is not such. There is error in the ruling of the Court, and the judgment must be reversed.

It has not escaped our notice, though no point is made on the fact, that the wife who is in possession is alone sued, her husband being still alive but beyond the reach of personal service. If his presence in the action were indispensable to its prosecution, it is manifest the plaintiff would be without remedy, and the tortious withholding could not be disturbed.

Chancellor KENT says that, where the husband was a foreigner, or an alien enemy and resided abroad, the wife is in some degree and from necessity restored to a *feme sole*, and he adds that "though the husband be not an alien, yet if he deserts his wife and resides abroad permanently, the necessity that the wife should be competent to obtain credit and acquire and recover property and act as a *feme sole*, exists in full force;" and further, that the "distinction between husbands who are aliens and who are not aliens cannot long be maintained in practice, because there is no solid foundation in principle for the distinction." 2 Kent Com., 157.

This opinion is sustained by the rulings in *Gregory* v. *Paul*, 15 Mass., 31; *Abbot* v. *Bailey*, 6 Pick., 89; *Bran* v. *Morgan*, 4 McCord, 148, and *Chapman* v. *Lemon*, 11 How. Prac., 235.

In the last case, decided in the Supreme Court of New York, the doctrine is thus concisely stated by HARRIS, J.: " In this country it has been held that where a husband absolutely deserts his wife, and renounces his marital rights and duties and leaves the State, the wife may be regarded as a *feme sole.*"

But the question, aside from what has been said, is settled by statute in this State, which declares that " every woman whose husband shall abandon her or shall maliciously turn her out of doors, shall be *deemed a free-trader*, so far as to be competent to contract and be contracted with," &c. *The Code*, § 1832.

If liable upon contracts, so must she be in actions for her own torts, and the action will be against herself alone.

Judgment reversed, and a *venire de novo* must be awarded in the Court below.

Error.