G. G. CARDEN v. JAMES J. CARDEN.

*Attachment—Non-residents— What is Residence in this State— Animus Revertendi—General Intention of Returning.*

1. When one voluntarily removes from this to another State, for the purpose of discharging the duties of his office, of indefinite duration, which required his continued presence there for an unlimited time, such a one is a non-resident of this State for the purposes of an attachment, and that notwithstanding he may occasionally visit this State, and may have the intent to return at some uncertain future time.

2. The prominent idea is, that the debtor must be a non-resident of the State where the attachment is sued out—not that he must be a a resident elsewhere.

3. His property is attachable if his residence is not such as to subject him *personally* to the jurisdiction of the Court and place him upon an equality with other residents in this respect.

This was a CIVIL ACTION, tried before *Armfield, J.*, at March Term, 1890, of ORANGE Superior Court.

At the time of issuing the summons, the plaintiff caused an attachment to issue, and had the same levied upon the lands of defendant, in Orange County.

Upon the trial of the cause the jury rendered a verdict in favor of plaintiff, and, after verdict, but before judgment, defendant entered a motion to vacate said attachment, and,

in support of said motion, filed his affidavit that he was a resident of the State of North Carolina, and entitled to a homestead in said land.

Plaintiff demanded a jury to try the issue as to whether defendant was a resident of this State. His Honor declined to submit the issue to a jury. Plaintiff excepted.

Plaintiff filed counter-affidavits.

His Honor found as a fact that defendant was temporarily absent from the State in the discharge of his clerical duties, but was still a resident of this State, and ordered that said attachment be vacated.

Plaintiff excepted to both the findings of fact and the order of his Honor, and appealed to the Supreme Court.

The material parts of plaintiff's affidavit are as follows:

That he is a citizen of Orange County, North Carolina, a resident of the State and county, and owns a small tract of about seventy-five acres of land in said county; that said land is of less value than one thousand dollars, and this affiant owns no other land in the State of North Carolina, and that he occupies the said land, with his family, as a homestead; that affiant is a preacher of the Methodist denomination; up to 1884 the defendant, with the exception of a few years prior to 1874, lived and resided in said State of North Carolina, preaching the gospel at such places as he was assigned by the Bishops of his church; that in March, 1884, a Bishop of his church transferred this affiant to the Baltimore Conference of his church, for pastoral work therein; that such transfer was only for a short time, as then contemplated by affiant; that affiant always intended to return to the State of North Carolina, and always regarded the said State of North Carolina as his home; that affiant did return to said State several times, at least as often as once a year, from March, 1884, until the Spring of 1889; that in the Spring of 1889 defendant returned to said State and county of Orange, and has continuously remained

therein; that affiant is informed that the publication of the lien of attachment was not made for the time, nor in the manner, required by law.

Mr. R. W. Winston, for plaintiff.
Mr. J. S. Manning, for defendant.

SHEPHERD, J.: The single question presented by this appeal is whether, upon the facts found, the attachment should have been dissolved.

We are unable to distinguish this case from that of Wheeler v. Cobb, 75 N. C., 21. It is there said that, "without deciding who, in law, is a non-resident in other respects, but confining the decision to the construction of this statute, the conclusion is, that where one voluntarily removes from this to another State, for the purpose of discharging the duties of an office of indefinite duration, which required his continued presence there for an unlimited time, such a one is a non-resident of this State for the purposes of an attachment, and that notwithstanding he may occasionally visit this State, and may have the intent to return at some uncertain future time."

The prominent idea is, "that the debtor must be a non-resident of this State, where the attachment is sued out, not that he must be a resident elsewhere. * * * The essential charge is, that he is not residing or living in the State, that is, he has no abode or home within it where process may be served so as effectually to reach him. In other words, his property is attachable, if his residence is not such as to subject him personally to the jurisdiction of the Court, and place him upon equality with other residents in this respect." Waple on Attachment, 35. We cannot understand how these latter conditions could have existed when the defendant was living in Maryland, visiting this State only once or twice a year, and with only a general intention of returning at some indefinite time and making his home here. Non-residence,

within the meaning of the attachment law, means the "actual cessation to dwell within a State for an uncertain period, without definite intention as to a time for returning, although a general intention to return may exist." *Weit-kamp* v. *Loehr*, 53 N. Y. Super. Ct., 83.

Reversed.