CLARK, J., dissents.
There was judgment for the defendant, and plaintiff appealed.
The facts appear in the opinion of the Court.
The facts found by the referee and sustained by the Court are as follows:
1. That plaintiff, in November, 1887, owned and occupied as his home place the land now in controversy, and left the State in that month to avoid a warrant out against him for false pretense, (648) with the intention of returning as soon as the case against him should be thrown out of court, and that his wife and children remained on the place until plaintiff returned, about Christmas, 1889; that the plaintiff spent his time in visiting relatives in various States, intending to return to this State when he believed the charge against him to be buried.
2. That during his absence an attachment issued and the land was sold, and the defendant purchased it, no homestead having been assigned to the plaintiff.
His Honor held that the plaintiff, during his absence, was not a resident of this State, and therefore not entitled to a homestead. This is the only question presented.
The Constitution guarantees the right to a homestead to every resident on the land occupied by him, and whoever denies the right must show that the case falls within the constitutional exceptions, which is not the case in this instance, or that the owner has lost it by nonresidence.
"Residence" and "domicile" are so nearly allied to each other in meaning that it is difficult sometimes to trace the shades of difference, although in some respects they are distinct; and the definitions of "residence" are sometimes apparently conflicting, owing mainly to the nature of the subject with which the word is used, the purpose being always to give to it such meaning and force as will effectuate the intention of that particular statute. The great bulk of cases in the books are cases of statutory residence, as applied to the subjects of voting, eligibility to office, taxation, jurisdiction in divorce proceedings, probate and administrations, limitations, attachments and the like cases. The word is frequently used in the sense of bodily presence in a place, sometimes a mere temporary presence and sometimes the most settled and permanent abode in a place, with (649) all the shades of meaning between these extremes, and also with reference to the distinction between an actual and legal *Page 401 
residence. So it seems entirely proper to consider its meaning in connection with the subject-matter and the purpose of the statute in which it is found, as well as the relation of the citizen to the subject-matter.
The leading purpose of the Constitution (Article X, secs. 1, 2, 3, 8) is to secure the homestead to the debtor and his family, and the term "resident" therein should be so construed as to accomplish that purpose, unless there should be found some positive or necessary and reasonable rule of law to the contrary.
Absence from the State does not necessarily mean a change of residence, in the legal sense, as that question depends upon the intention and other facts. A protracted residence in another State, engaging in a permanent business, with no home in this State, would be at least inconsistent with a residence here.
"Residence," strictly construed, would defeat the object of the Constitution (Article X) in relation to homesteads. If a citizen of Raleigh should go to Baltimore on business he could not be said to literally reside in Raleigh during his absence; but by allowing the doctrine of animorevertendi its reasonable force, the business is attended to and the purpose of the law is secured.
The question of domicile and residence has been so fully and frequently discussed by this Court that it would be superfluous work to repeat what has been decided. We will only refer to Finley v. Saunders, 98 N.C. 462;Fulton v. Roberts, 113 N.C. 421; Hannon v. Grizzard, 89 N.C. 115, and the several cases therein referred to, and to State v. Johnston, post, 1188.
The general rule from the cases is that when one leaves the State with the intention of returning he does not lose his (650) residence here. This will do for the present case, but to avoid any extreme conclusions from the above statement we will say that circumstances may easily lead to a different result; for instance, if the lapse of time should be long enough to rebut such intention, or if a residence should be acquired in another State, or by engaging in permanent business elsewhere without the animo revertendi, or by assuming the duties and privileges of a citizen in such other State. The question is one of law, and not of morals, and we could not inquire into the latter.
Our opinion is that the court below committed error and that the plaintiff is entitled to recover on the facts now in the record before us.
Reversed.