## WHAT CONSTITUTES NON-RESIDENCE IN ATTACHMENT PROCEEDINGS.

[Circuit Court of Delaware County.]

GEORGE H. THOMSON v. W. R. OGDEN.

Decided, June Term, 1901.

*Attachment—Residence as Distinguished from Domicile—Non-Residence Under Section 5521.*

1. Residence and non-residence, as used in the statute relating to attachment, are not synonymous and convertable terms with domicile, as applied and used in the general statutes in regard to questions of citizenship, voting and the disposition of property.
2. It is the actual residence of a debtor, and not his domicile, that determines his status in an attachment proceeding, begun in the county where the property attached is situated; and if he has no abode or home within the state where process can be served upon him, his property is subject to attachment, notwithstanding he may not have acquired a residence elsewhere.
3. T, while a resident of Ohio, received an appointment for an indefinite term in one of the departments of the government in Washington. He removed there with his family, and for twenty years has continued to live in Washington, but has been in the habit of

returning to Ohio to vote at elections. *Held:* That the property of T located in Ohio is subject to attachment on the ground of non-residence.

VOORHEES, J.; DOUGLASS, J., and DONAHUE, J., concur.

This action was one where defendant in error sought to obtain a lien by proceedings in attachment on certain real estate of the plaintiff in error, situated in the city of Delaware, county of Delaware, this state.

The ground for the attachment was that the plaintiff in error, George H. Thomson, was a non-resident of the state of Ohio; and upon that ground alone it was sought to obtain jurisdiction in the action and secure a lien upon the real estate of plaintiff in error.

From the record it appears that in October, 1883, The Cleveland Paper Company obtained three judgments before a justice of the peace against plaintiff in error; transcripts of the judgments were filed, and entered on the lien docket in the clerk's office of Delaware county. In 1897 the judgments were sold and assigned to defendant in error, W. R. Ogden. November 27, 1899, one Sarah Thomson conveyed ''The Delaware Gazette Block'' to Henry C. Thomson and George H. Thomson. The judgments had become dormant, and on December 1, 1900, said W. R. Ogden, defendant in error, filed his petition in the Court of Common Pleas of Delaware County, setting up as his cause of action said judgments against said George H. Thomson, and at the same time filed an affidavit for attachment. The sole ground for the attachment was that the defendant, George H. Thomson, was a non-resident of the state of Ohio. The order of attachment was levied on his one-half interest in said real estate. Service by publication was duly made in the action.

Defendant filed a motion to dismiss the attachment on the ground that the allegation in the affidavit that he was a non-resident of the state of Ohio was not true; and by reason thereof the court had no jurisdiction over the subject matter of the action, or of the defendant.

The issue thus raised was submitted on affidavits and oral testimony to the court below, and the motion was overruled.

The record shows that George H. Thomson was born in Delaware county, Ohio. In December, 1878, he was appointed to a clerkship in the United States Treasury Department at Washington, D. C. He has been continuously so employed ever since. He moved his family to Washington soon after his appointment. He kept house in that city, and his children were raised and educated there. He returned to said city and county of Delaware to vote at the state and national elections held in said state, and voted at such election in said city of Delaware.

The single question presented by the record is, whether, under the facts stated above, the court erred in overruling the motion to dismiss the attachment?

No controlling authority of our own state has been cited, nor have we been able to find any authority in Ohio directly in point. Whether a person is a legal voter or not in the state does not in our judgment determine the question here involved.

Under the attachment laws of this state, the real or personal property of a non-resident debtor is subject to attachment or garnishment by action in a court of competent jurisdiction, commenced in the county where the property is situate.

If residence, or non-residence, as used in the statute regulating attachment proceedings, are synonymous and convertible terms with domicile, as applied and used in general statutes in regard to questions of citizenship, voting the disposition of property and the like, then the question we have here would not be difficult of solution. But we do not so understand the trend of decisions of our Supreme Court. We therefore proceed with the inquiry, without any special reference to any statute other than the one regulating attachments.

A general accepted definition of "residence," when the term is used with reference to the qualification of voters, is synonymous with "domicile." But when applied to attachment laws, "domicile" and "residence" are not convertible terms, for domicile may be in one place and residence for the time being in another. 1 Shinn on Attachment, Section 90, page 148, says: "The term 'non-resident' in the attachment law, therefore, means one who has an abode in another state;" and again in Section 97, page 153: "Non-residence," under attachment laws, "is

a fact and is to be determined by the ordinary and obvious *indicia* of residence. It can not be determined by the place of the debtor's political domicile. One may become a non-resident by living abroad, although by the fact of his intention to return, his political domicile will continue in the state." Citing *Keller* v. *Carr,* 42 N. W. Rep., 292 (40 Minn., 428).

In *Lawson* v. *Adlard,* 48 N. W. Rep., 1019, 1020 (46 Minn., 243), syllabi, the court say:

"It is the actual residence of the debtor, and not his domicile, which determines the status of the parties in such proceedings" (attachments).

The facts in the case just cited were these: Adlard was a government employe; he owned a dwelling in the village of Brown Valley, Minn.; he was appointed government blacksmith at an Indian agency, in South Dakota; he took such furniture as was necessary to furnish the house occupied by himself and family at the agency; stored the rest in the upper story of his dwelling at Brown Valley, and rented the lower story for a time. At the end of fourteen months he returned with his family to Brown Valley. In the meantime an attachment was procured against Adlard on the ground of non-residence from the state of Minnesota. The district court vacated and set aside the attachment. The Supreme Court reversed the district court, and in the opinion the court said:

"It must not be determined by construing the words 'residence' as synonymous with the word 'domicile,' for one absent from the state on business or pleasure, having the intent to return, may have a political domicile here, although his residence is elsewhere."

In *Carden* v. *Carden,* 107 N. C., 214 (12 S. E. Rep., 197), the Supreme Court held:

"Where one voluntarily removes from one state to another for for the purpose of discharging the duties of an office of indefinite duration, which required his continued presence there for an unlimited time, he becomes a non-resident of the former state for the purpose of attachment, although he may occasionally visit

that state and entertain an intent to return and reside there at some uncertain time.

"A non-resident's property is attachable when his residence is not such as to subject him personally to the jurisdiction of the court, and thus place him upon equality with the other residents of the state."

Returning again to the facts in this case. The plaintiff in error some twenty or more years ago received a government appointment in the treasury department at Washington, D. C., for an indefinite term of service; he moved with his family to that city, and has lived there ever since; he returned at election times to Ohio, and to the city of Delaware, and at such times voted in said city.

These facts bring his status within Judge Story's definition of domicile; which definition was adopted by our Supreme Court in *Sturgeon* v. *Korte*, 34 Ohio St., 525, 535, viz.:

"It is not, however, necessary that he should intend to remain there for all time. If he lives in a place with the intention of remaining for an indefinite period of time, as a place of fixed present domicile, and not a place of temporary establishment, or for mere transient purposes, it is to all intents and for all purposes his residence."

We are unable to distinguish any difference in rule or principle recognized by our Supreme Court in *Sturgeon* v. *Korte*, *supra*, from that in *Wheeler* v. *Cobb*, 75 N. C., 21. It is there said:

"That without deciding who, in law, is a non-resident in other respects, but confining the decision to the construction of the statute regulating attachment proceedings, the conclusion is that where one voluntarily removes from this to another state, for the purpose of discharging the duties of an office of indefinite duration, which required his continued presence there, for an unlimited time, such a one is a non-resident of this state, for the purposes of an attachment, and that notwithstanding he may occasionally visit this state, and may have the intent to return at some uncertain future time.

"Non-residence, within the meaning of the attachment law, means the actual cessation to dwell within a state for an uncer-

tain period, without definite intention as to a time for returning, a general intention to return may exist." *Weitkamp* v. *Loehr,* 53 N. Y. Sup. Ct., 83.

The determinal fact in such cases is that the debtor must be a non-resident of this state where the attachment is sued out, not that he must be a resident elsewhere; in other words, he must be so situated that he has no abode or home within the state where process can be served upon him. His property is attachable if his residence is not such as to subject him personally to the jurisdiction of the court and place him upon equality with other residents in this respect. Waples on Attachment, 35.

We think, under the proof as shown in this record, the plaintiff in error comes within the rule recognized by the authorities above cited; and that he had such residence in the city of Washington as to subject his real estate in the city of Delaware to attachment, under Section 5521, Revised Statutes of Ohio, and the court of common pleas did not err in overruling the motion to dismiss.

The attachment and the judgment is affirmed.

*C. H. McElroy* and *W. A. Hall,* for plaintiff in error.

*Charles W. Knight* and *Frank Marriott,* for defendant in error.