**In re Harvey Wiley SMITH, Jr., Virginia Hairfield Smith, Debtors.**

**Bankruptcy No. 82–00442–R.**

United States Bankruptcy Court,
E. D. Virginia,
Richmond Division.

Sept. 1, 1982.

J. G. Kauffman, Kauffman & Associates, Richmond, Va., for debtors.

### MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes on upon the filing by C. Jeffers Schmidt, Jr. (Schmidt), the trustee herein, of an objection to the exemptions claimed by Virginia Hairfield Smith (Mrs. Smith), a debtor herein. After hearing, this Court makes the following determination.

## STATEMENT OF THE FACTS

Virginia Hairfield Smith and her husband, Harvey Wiley Smith, Jr., filed a petition in bankruptcy with this Court on March 19, 1982. In their petition they noted that they resided at 10304 Donagal Court, Chesterfield, Virginia. The debtors claimed as exempt $3,870.00 worth of property as set forth in Schedule B–4 of their petition. Virginia Hairfield Smith, as part of that exemption, claimed by homestead deed filed in Chesterfield County, Virginia on March 15, 1982, her equity interest of $1,600.00 in a 1979 XRL7 Mercury Cougar. Schmidt objected to Mrs. Smith's claim of exemption in the equity of the automobile on the ground that she was not a resident of or domiciled in the jurisdiction in which the homestead deed was filed.

From July 9, 1980 to June 22, 1982, Mrs. Smith was incarcerated in the Virginia penal system. On the date she filed her homestead deed Mrs. Smith was incarcerated in the Women's Correctional Unit in Goochland County, Virginia. She also was incarcerated for a time in the Chesterfield County jail after having been tried in Chesterfield County for the crime for which she was eventually convicted and sentenced. Mrs. Smith lived in Chesterfield County before she was incarcerated and she returned to live in that county after she was released on June 22, 1982. Mrs. Smith has a husband and five children who lived in Chesterfield County throughout her period of incarceration.

## CONCLUSIONS OF LAW

The Virginia Code provides that a householder may set apart from his creditors certain personal property by filing a homestead deed in the county or corporation where that householder resides. *Virginia Code* § 34–14 (1976 Rep.Vol.). Schmidt argues Mrs. Smith filed her homestead deed in the wrong jurisdiction because on March 15, 1982, the date of filing her homestead deed she resided in Goochland County and not Chesterfield County.

The purposes of homestead exemptions are two-fold. First, they protect debtors from being left destitute from creditor process by allowing debtors to retain stakeholds. *Fulton v. Roberts*, 113 N.C. 421, 18 S.E. 510, 513 (1893). Second, by requiring a homestead deed to be filed in the jurisdiction in which the debtor resides, it enables creditors to ascertain by inspection whether the debtor is underestimating the value of the property he claims exempt thereby keeping to himself property that should be subjected to the payment of his debts. *In re Waltrip*, 260 F.Supp. 448, 451–452 (E.D. Va., 1966). Courts in Virginia are required to liberally construe statutes relating to homestead laws in favor of debtors in order to protect the debtors and their families. *Home Owners Loan Corporation v. Reese*, 170 Va. 215, 196 S.E. 625, 626 (1938).

In the instant case, Mrs. Smith resided in Chesterfield County both before and after her incarceration. During part of the period she was incarcerated she remained in the Chesterfield County jail; however, at the time she filed her homestead deed in Chesterfield County she was incarcerated in a penal facility located in Goochland County. It is in Chesterfield County that Mrs. Smith resided throughout the period before and after her incarceration and it is in that locality that her home, personal property, and family were located at the time she filed her homestead deed. For a period of time not ascertainable from the evidence, the Commonwealth of Virginia imprisoned Mrs. Smith in Goochland County.

Although no Virginia case is on point, the North Carolina Supreme Court in a similar case has ruled that "... when one leaves the state with the intention of returning he does not lose is residence ...." *Chitty v. Chitty*, 118 N.C. 647, 24 S.E. 517, 518 (1896). In *Chitty*, a husband left the state of North Carolina in order to escape prosecution, although he intended to return and contest that prosecution. His wife and children remained at his homeplace during his two-year absence from the state. The court opined that

"[t]he leading purpose of the [homestead law] ... is to secure the homestead to the debtor and his family, and the term 'resident' therein should be so construed as to accomplish that purpose, unless

there should be found some positive or necessary and reasonable rule of law to the contrary. Absence from the state does not necessarily mean a change of residence, in the legal sense, as that question depends upon the intention and other facts."

*Chitty,* 24 S.E. at 518. Mrs. Smith clearly intended to return to her family and home in Chesterfield County upon her release from the state penal system. This is supported by the fact that before, during, and after her incarceration the family home was maintained in Chesterfield County. This intention coupled with the sound public policy of conserving the family home which underlies the purpose of homestead exemptions lead this Court to reject the trustee's contention that Mrs. Smith improperly filed her homestead deed. *See, Murphy v. City of Richmond,* 111 Va. 459, 69 S.E. 442 (1910).

An appropriate Order will issue.