**In re Keith R. LATHAM, Carole Ann Latham, Debtors.**

**Bankruptcy No. 7–94–02154–RKR–7.**

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

May 23, 1995.

Roy V. Creasy, Trustee, Roanoke, VA.

William W. Terry, III, Roanoke, VA, for debtors.

## DECISION AND ORDER

ROSS W. KRUMM, Chief Judge.

The matter for decision by the court arises as a result of the objection by the Chapter 7 trustee to the debtors' claim of homestead exemptions and poor debtor exemptions under Code of Virginia § 34–4 and § 34–26. The parties have submitted the case to the court for decision on stipulated facts.

### Facts

The stipulation of facts shows that on the date the debtors filed their Chapter 7 proceeding they were residents of Washington County, Virginia. However, they owned a vacation beach house in Corolla, North Carolina, which contained a quantity of personal property furnishing the beach house. The vacation beach house was used by the debtors for vacations and as a rental property. The debtors have claimed as exempt under Code of Virginia § 34–26 the following:

Miscellaneous household goods, miscellaneous beach furniture, miscellaneous clothing, engagement and wedding rings and a 1989 Dodge Caravan

The debtors claim the miscellaneous beach furniture as household furniture under Code of Virginia § 34–26. *See* Va.Code Ann. § 34–26 (Michie 1950).

In addition to the miscellaneous beach furniture, the debtors have claimed income from the beach property in the amount of $3,000.00 on the homestead deed which they

filed in Washington County on October 24, 1994. The stipulation of the parties reveals that at the date of the filing of the petition for relief a real estate company in North Carolina was holding $2,700.00 of rent revenue due to the debtors. This income represented rent which was paid for rental of the beach house in periods prior to the filing of the bankruptcy petition.

### Positions of the Parties

The debtors take the position that the miscellaneous beach furniture, which the trustee claims has a value of $9,200.00, constitutes household furnishings under Code of Virginia § 34–26(4a). With respect to the rental income, the debtors take the position that their homestead deed filed in Washington County, Virginia, on October 24, 1994, claiming income from the beach property as exempt under Code of Virginia § 34–4 is sufficient to perfect their exemption in the rental income.

The trustee takes the position that the miscellaneous beach furniture is not household furniture because it is not located in the debtors' household and constitutes personal property located on a property used by the debtors to generate rental income. As to the rental income, the trustee takes the position that the debtors were required to file their homestead deed in North Carolina at the situs of the real property in order to perfect their claimed exemption in the rental income.

### Law and Discussion

**A. The Miscellaneous Beach Furniture.**

In relevant part, Code of Virginia § 34–26 states:

Section 34–26, Poor Debtor's Exemption; Exempt Articles Enumerated—In addition to the exemptions provided in chapter 2 (section 34–4 *et seq.*) of this title, every householder shall be entitled to hold exempt from creditor process the following enumerated items:

(4a) All household furnishings including, but not limited to, beds, dressers, floor coverings, stoves, refrigerators, washing machines, dryers, sewing machines, pots and pans for cooking, plates and eating utensils, not to exceed $5,000.00 in value.

Va.Code Ann. § 34–26 (Michie 1950). For the reasons stated in this Decision and Order, the court finds that the miscellaneous beach furniture does not fall within the statutory phrase "household furnishings" found in section 34–26(4a).

There is no published decision which defines the term "household furnishings" found in Code of Virginia § 34–26(4a). However, the meaning can be determined by an examination both of the statute itself and the definition of household furnishings in Black's Law Dictionary. In addition, reference to *McGreevy v. ITT Financial Servs. (In re McGreevy)*, 955 F.2d 957 (4th Cir.1992) provides a definition of "household goods" of which household furniture is a subset.

The long-standing rule in Virginia is to construe exemption statutes liberally. *See In re Hanes*, 162 B.R. 733, 737–738 (Bankr.E.D.Va.1994). However,

[t]he liberal construction required to be given our constitutional and statutory provisions does not authorize the courts to reduce or enlarge the exemption, or to read into the exemption laws an exception not found there.

*Id.* at 738 (quoting *Goldburg Co. v. Salyer*, 188 Va. 573, 582, 50 S.E.2d 272, 277 (1948)). The purpose of the homestead exemptions is to protect the debtor from being left destitute from creditor process. *In re Smith*, 22 B.R. 866, 867 (Bankr.E.D.Va.1982). It is within this framework that the court must define "household furnishings."

The statute itself gives examples of household furnishings which the legislature intended to set aside for the benefit of the debtor and family. These examples, which are not all inclusive, are beds, dressers, floor coverings, stoves, refrigerators, washing machines, dryers, sewing machines, pots and pans for cooking, plates, and eating utensils. The examples cited by the legislature in the statute point toward items that debtors can retain and use in order to facilitate their fresh start.

The word "household" in the statute is an adjective modifying the word "furnishings." In that context, Black's Law Dictionary de-

fines "household" as "[b]elonging to the house and family; domestic." Black's Law Dictionary, 873 (4th ed. 1968). This definition, when applied to this case, indicates that furnishings must be owned and used by the family in its house. Black's Law Dictionary also defines household furniture:

> Household furniture includes all personal chattels that may contribute to the use or convenience of the householder, or the ornament of the house; as plate, linen, china, both useful and ornamental, and pictures. But goods in trade, books and wines will not pass by a bequest of household furniture. 1 Rop.Leg. 203.

*Id.* at 804. Again, the common definitions indicate a necessity that the furnishings be in the household and used by the householder or family.

The definition of "household goods" has been litigated in connection with efforts by debtors to utilize 11 U.S.C. § 522(f)(2)(A) to avoid liens. Section 522(f) allows debtors to avoid liens on "household goods" that are "held primarily for the personal, family, or household use of the debtor or a dependent of the debtor." In examining the meaning of household goods in the section 522(f) context, the Fourth Circuit defined household goods to "incorporate a requirement of a functional nexus between the good and the household." *McGreevy,* 955 F.2d at 961. The holding in *McGreevy,* is:

> We therefore hold that 'household goods' under section 522(f)(2)(A) are those items of personal property that are typically found in or around the home and used by the debtor or his dependents to support and facilitate day-to-day living within the home, including maintenance and upkeep of the home itself.

*Id.* at 961–962.

■ The purpose of 11 U.S.C. § 522(f)(2)(A) is to assist the debtors in achieving the fresh start afforded honest debtors by the Bankruptcy Code by eliminating those liens taken by creditors which are non-possessory and non-purchase money in nature. Thus, the purpose of section 522(f)(2)(A) and section 34–26 is the same— to protect the debtors and their families from being left destitute by the creditor process.

In addition, the category of "household goods" in section 522(f) encompasses items of "household furniture." Accordingly, this court finds that the term "household furniture" in section 34–26(4a) of the Code of Virginia means those items of furniture that are typically found in or around the home of debtors and are used by the debtors and their dependents to support and facilitate day-to-day living within the home, including maintenance and upkeep of the home itself.

■ The court must consider whether the vacation beach house in Corolla, North Carolina, constitutes a home for the debtors and whether the furniture in it meets the definition of household furniture. The debtors and trustee do not dispute the fact that the beach house was built by the debtors as a vacation house. In order to finance the cost of this vacation house, the debtors built it with the primary intent of renting it out during peak season. The debtors intended to use it as a place to go on vacation only when it was not rented. The court finds that the beach house is not the type of "home of the debtors" contemplated by the definition.

The beach house was furnished with a type of furniture that would appeal to renters and that would withstand heavy use. Thus, the primary purpose of the furniture was for attracting potential renters and for use by those renters. The furniture was not acquired and used by the debtors for the support of debtors or to facilitate their day-to-day living within the home. Thus, it does not satisfy the definition of household furnishings.

Finally, it is clear from the stipulation of fact that the beach furniture was located at the vacation beach house in Corolla, North Carolina, on the date of the filing of the petition for relief. Therefore, it could not have been used as of that date in the debtors' home which was located in Washington County, Virginia. The debtors must claim their poor debtor exemptions under section 34–26 as of the date of the filing of the petition for relief. Accordingly, the court holds that the debtors' miscellaneous beach property is not exempt under section 34–26(4a) of the Code of Virginia. The trustee's

objection to this claimed exemption will be sustained.

## B. Rental Income From Beach Property.

Section 34–14 of the Code of Virginia describes how a debtor is to set apart a personal estate in order to exempt it from the claims of creditors. In summary, it requires that a debtor select personal property under section 34–4 of the Code of Virginia, commit that selection to writing and record the writing as "deeds are recorded in the county or city wherein such householder resides." In this case, the debtors recorded a homestead deed in the Circuit Court of Washington County claiming income from beach property in the amount of $3,000.00 as exempt. The stipulation, paragraph 3, shows that at the time of the filing of the Chapter 7 petition a real estate company was holding rent funds due to the debtors in the amount of $2,700.00. This amount represented rentals which occurred prior to the filing of the debtors' bankruptcy petition. The stipulation also recites that the debtors were residents of Washington County, Virginia. Accordingly, the income from the beach property which they claimed as exempt under section 34–4 was properly claimed and their exemption was properly perfected by the recordation of the homestead deed in Washington County. The trustee cites no authority in support of his position. The trustee's objection to the claimed exemption will be denied.

### Conclusion

For the foregoing reasons, it is

### ORDERED:

That the trustee's objection to the claimed exemptions of miscellaneous beach furniture be, and it hereby is, SUSTAINED, the exemption is DENIED, and the trustee shall proceed to administer the miscellaneous beach furniture as property of the debtors' estate. It is

### FURTHER ORDERED:

That the trustee's objection to the debtors' claim of a homestead exemption in income

from beach property in the amount of $3,000.00 be, and it hereby is, DENIED, and the debtors are allowed a homestead exemption in income from beach property to the extent of $3,000.00.