**In re Whitney D. HICKS, Debtor.**

**Whitney D. Hicks, Movant,**

v.

**Washington Mutual Finance, Respondent.**

No. 00–03551.

United States Bankruptcy Court, W.D. Virginia, Roanoke Division.

Feb. 28, 2001.

Robert E. Wick, Jr., Bristol, VA, for Whitney D. Hicks.

David J. Hutton, Boucher & Hutton, Abingdon, VA, for Washington Mutual Finance.

### MEMORANDUM OPINION

WILLIAM F. STONE, Jr., Bankruptcy Judge.

The matter before the Court is the Motion by the Debtor to avoid a non-purchase money security interest in certain tangible personal property constituting household goods she granted about 5 months before filing her petition in this case to secure the repayment of a personal loan she obtained from the respondent, Washington Mutual Finance. The specific issue is whether, and if so, to what extent, the specific items of property are exempt as "household furnishings" within the meaning of Va.Code § 34–26, the Virginia "poor debtor's exemption". Because no "homestead" exemption in the items was claimed by filing a homestead deed, the items are exempt, if at all, solely pursuant to Va.Code § 34–26.

The items pledged to Washington Mutual are some rings, a movie camera, a pool table, a television, a video recorder (VCR) and a Gateway computer. The creditor has objected to the Motion To Avoid on

the grounds that not all of the items are exempt under the Virginia statute and that their total value exceeds the $5,000 limit provided for "household furnishings" in § 34–26(4a) of the statute. A hearing was held before the Court on February 21, 2001 at which both parties appeared by counsel and the Debtor appeared personally and testified.

■ Although the listing of personal property in question specifically provided for the category of jewelry that it was "(except wedding/engagement rings)", the Debtor's testimony at the hearing was that she answered the questions of the lender's representative, who actually completed the schedule and said nothing about excluding wedding and engagement rings, and that in fact this entry reflected only her wedding and engagement rings. This testimony was not challenged by the creditor and stands uncontradicted. Accordingly, the Court finds that such items are specifically exempt under Va.Code § 34–26(1a).

For the other items to qualify as exempt they must constitute "household furnishings" within the meaning of Va.Code § 34–26(4a). The Debtor testified that the pool table was located in the residence which she shared with her husband when she obtained the loan. She also testified that the computer was used by her children for their school activities. Although the Court does not recall any specific testimony about the camera, television and VCR, the Court will find that such items were likewise located in and used in the Debtor's household as there was no question raised on this point in the pleadings or the hearing concerning such issues.

■ In attempting to decide correctly what items should properly be characterized as "household furnishings" the Court is instructed by applicable case authority, on the one hand, to construe exemption

statutes "liberally" in favor of the debtor, but, on the other hand, not "to reduce or enlarge the exemption, or to read into the exemption laws an exception not found there." *In re Hanes*, 162 B.R. 733, 737–38 (Bankr.E.D.Va.1994); *In re Latham*, 182 B.R. 479, 481 (Bankr.W.D.Va.1995). In the latter opinion Chief Judge Krumm of this Court held that the term "household furniture" [furnishings] means "those items of furniture [furnishings] that are typically found in or around the home of debtors and their dependents to support and facilitate day-to-day living within the home, including maintenance and upkeep of the home itself." 182 B.R. at 482.

█ It is the Court's conclusion, in accord with Judge Bostetter's holding in *In re Hanes*, supra, that a television and a VCR, in the current state of the standard of living ordinarily enjoyed by the majority of citizens in the Commonwealth of Virginia, are properly deemed to be items of "household furnishings" within the fair meaning of Va.Code § 34–26(4a) and therefore may rightly claimed as exempt by the Debtor. The Court further concludes that such rationale properly extends in the present state of our technological society to a computer used for household purposes, including the education of the children resident in the household. The Court believes that it would unreasonably expand the meaning of "household furnishings" to include within such term's ambit a movie or video camera. Accordingly, the Court concludes that such claim of exemption should be denied.

█ The pool table presents a more difficult question. As counsel for the Debtor points out, a pool table is frequently, although not commonly, found in personal residences and might reasonably be described as one of the furnishings in such residences. In the context of a will a bequest of all of the furnishings of a residence might very appropriately be construed to include a pool table in the residence. Accordingly, give the admonition to construe exemptions liberally in favor of the exemption claimant, a plausible case can be advanced in favor of allowing the claim. Nevertheless, the Court is not persuaded that a pool table should be considered an item of "household furnishings" within the scope of the poor debtor's exemption. A pool table seems to be of a fundamentally different nature than the descriptive list provided by the General Assembly as to the types of furnishings it had in mind, namely, "beds, dressers, floor coverings, stoves, refrigerators, washing machines, dryers, sewing machines, pots and pans for cooking, plates, and eating utensils". Va.Code § 34–26(4a) While such list is expressly stated to be non-exclusive, it does seem to indicate rather clearly the type of personal property which the legislature intended to be beyond the power of a debtor to pledge to a non-purchase money lender. Va.Code § 34–28. The Court would describe that intended scope as being personal property commonly found in Virginia households, used to support the everyday life of its members and reasonably necessary for that household to enjoy that basic standard of living which the vast majority of its citizens are privileged to have. That is not to say that it excludes items such as televisions, VCRs and home computers noted above which the members of many households are very satisfied not to have, but simply that such kinds of household goods at this time in our history are commonly found in Virginia households and regularly used in the everyday life of those households. While the Court notes, as pointed out by Judge Bostetter in *In re Hanes*, supra, that the statute says "all household furnishings" and does not use the qualifier "necessary", 162 B.R. at 737, it believes that the listing

of specific kinds of property intended to be included within the exemption and the $5,000 limitation provided for the total of "household furnishings" demonstrate that the legislature intended that its citizens should not be able to render themselves nearly destitute by improvident borrowing, not that they should be able to live in household luxury heedless of their obligations to their creditors. The Court does not believe that it requires affirmative evidence before it to state that the ordinary citizen would perceive a pool table in a private residence to be indicative of status, luxury and privilege, not something commonly enjoyed by Virginia's residents. Finally, the Court believes that it is reasonable to observe that one who was looking to purchase a used pool table would likely look in the classified advertising of his newspaper under the section for sporting goods rather than under furniture or household goods. While some might characterize this observation as rather dubious rationale to support a conclusion as to the proper meaning of a statute, the Court does believe that the common understanding of a term is helpful in deciding what the General Assembly intended by the use of the rather generic term of "household furnishings", especially when the list of illustrative items provided in the statute fails to include any reference whatsoever to any sporting or purely recreational property. For the reasons noted the Court will deny the exemption claim as to the pool table.

The Debtor testified that her estranged husband is in possession of and has an ownership interest or claim upon the property she pledged to Washington Mutual. That issue is not before the Court and this ruling is only applicable to whatever the Debtor's interest may be in such property. In view of the Court's conclusions as to those items of the pledged property which are exempt and those which are not, there is no need under the facts of this particular case to take up the value of such property. The Clerk shall send copies of this Memorandum Opinion as directed in a separate order being entered contemporaneously herewith.